## No. 11,934.

### FREDERICK v. RESLER, ADMINISTRATOR.

Decided September 12, 1927.

Action to cancel lease and for possession of the property. Decree for plaintiff.

## *Affirmed.*

### On Application for Supersedeas.

1.  APPEAL AND ERROR—*Conflicting Evidence.* A decree based upon conflicting evidence must be upheld unless there is something in the transcript of the record proper which affirmatively discloses reversible error in its rendition.

2.     *Sufficiency of Evidence—Bill of Exceptions.* A judgment or decree rendered by a trial court having jurisdiction cannot be set aside on the ground of insufficiency of the evidence in the absence of a bill of exceptions containing the evidence.

3.     *Reversal—Burden.* Plaintiff in error must affirmatively show prejudicial error before he is entitled to a reversal.

4. APPELLATE PRACTICE—*Supersedeas.* It is not proper practice to move to strike an application for a supersedeas.

*Error to the County Court of Washington County, Hon. John G. Hudson, Judge. .*

Mr. L. F. CRAWFORD, for plaintiff in error.

Mr. FRANK D. ALLEN, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN his lifetime Joseph H. Resler gave to the defendant Frederick a lease on farming lands for a period of five years. After the lessor's death Leamon Resler, the administrator of his estate, brought this action in the county court against the defendant lessee, for a violation by the latter of covenants in the lease by which, among other things, he agreed to cultivate all of the farm lands included in the lease and to keep in good repair the demised premises. The decree was for plaintiff and defendant has sued out this writ. From the allegations of the complaint itself it is not altogether clear whether the plaintiff intended by that pleading to state a cause of action under the unlawful detainer act, or one to recover possession of real estate under our code of procedure, or a suit in equity to cancel the lease for a violation of covenants which authorized that kind of relief. There are present in the pleading elements of each of these

·causes. The decree, among other things, cancelled or terminated the lease, .and, inasmuch as the lessee had growing crops upon the land, the trial court, though it found that the plaintiff was entitled to cancellation and possession, postponed the time for the taking of possession until March 1, 1928. The other provisions of the decree or judgment are not material upon this review, since the only exception by the defendant Frederick to the decree is to that part which provides for the termination of the lease and the delivery of possession. Evidence was produced at the trial by both parties and in their briefs here counsel are in accord that it is in conflict. The propriety of the decree as rendered, depending, as it does, upon the evidence produced, must be upheld unless there is something in the transcript of the record proper which affirmatively discloses reversible error in its rendition. Plaintiff in error by his counsel contends, however, that irrespective of the evidence—which has not been authenticated or brought up in the transcript—the findings of fact as set forth in the decree do not warrant the judgment pronounced. We do not find anything in the record which changes the ordinary rule of appellate courts that a judgment or decree which the trial court has jurisdiction to render, cannot be set aside, on the ground of insufficiency of evidence, in the absence of a bill of exceptions containing the evidence. The point made by the defendant in error that this writ of error should be dismissed for failure of plaintiff in error to file the additional appeal bond which our statute (section 6388, C. L. 1921) requires when judgment is in a case under the unlawful detainer act, we shall not pass upon. Though the complaint be uncertain or ambiguous, as above indicated, nevertheless the defendant lessee below did not by special demurrer attack it on the ground of ambiguity or uncertainty or on any other ground. The complaint, however, states a good cause of action. Indeed, as we gather from the briefs and the findings and the judgment, the parties themselves, as did the trial

court, treated the action as in equity for the cancellation of a lease and restoration of possession which the lease itself authorizes for a violation by lessee of the covenants which the court found had been breached. As already stated, we do not know what the evidence was upon which the trial court acted. Plaintiff in error must affirmatively show prejudicial error before he is entitled to a reversal. In this case no such affirmative showing has been made, and in the absence of the evidence we are not permitted to speculate about it.

The plaintiff in error has applied for a supersedeas. The defendant in error has improperly moved to strike the application upon grounds which our practice permits to be urged in resisting such an application. Though the motion to strike is not proper practice, the parties themselves, in view of the fact that the time has arrived for the seeding of the land for the crop to be harvested during the year 1928, have asked that on the pending applications, final decision upon the merits be had. We have complied therewith. For the reasons given this judgment must be, and accordingly is, affirmed.