No. 15,539.

HOLLENBECK AND REEVES *v.* PETERSON.
(172 P. [2d] 678)

Decided September 3, 1946.

Messrs. Bryant & Petrie, for plaintiffs in error.

Mr. Paul L. Littler, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error, a partnership, are hereinafter referred to as Hollenbeck, defendant in error as Peterson, and one John B. Jutten as Jutten.

Jutten brought replevin against Peterson for possession of a certain cow and her increase consisting of one calf at her side in 1941, one born in 1942 and one in 1943 (while the cause was pending). Peterson answered that two of the calves had long since been sold; alleged that in October, 1941 he bought the cow and her calf from Hollenbeck whom he asked be made a party and that in case of recovery by Jutten he have appropriate judgment against Hollenbeck. The latter answered denying all material allegations as to his liability. At the close of Jutten's case the jury was instructed to find for him as against Peterson. The verdict was not then signed, but at the close of the case was taken by the jurors on their retirement. The cause proceeded to trial as between Peterson and Hollenbeck, the latter making no objection to the instructed verdict. That the animals belonged to Jutten was unquestioned and their value

was fixed by the instructed verdict at $80.00 for the cow, $20.00 for the calf born in 1943 and $42.00 each for the others; total $184.00. As between Peterson and Hollenbeck the jury found for Peterson in the sum of $85.50. Judgment was entered accordingly and to review that judgment Hollenbeck prosecutes this writ.

The substance of all proper assignments is: 1. That the jury was confused by permitting them to take the directed but unsigned verdict when they retired to deliberate. 2. That instructions 1 and 4 were in conflict and confusing. 3. That the verdict in favor of Peterson as against Hollenbeck was contrary to the evidence.

■ 1. The record discloses that sometime after the retirement of the jurors they returned with some sort of verdict (omitted from the record) which, for reasons undisclosed, the court would not accept, whereupon the directed verdict was signed in open court and filed and the jurors returned for further deliberation. Just how the jurors could have been confused by this procedure we are left in the dark. While sending a directed, but unsigned, verdict on one phase of the case to the jury room while the jurors deliberated on the other phase is contrary to the usual practice, it might in some instances be helpful. We know of no law to prevent it and none is called to our attention. For aught disclosed by the record this procedure rested in the sound discretion of the court and we detect no indication of abuse thereof.

■ 2. We have carefully examined instructions numbered 1 and 4 and fail to discover any conflict therein or any cause for confusion thereby. Neither was objected to and no other instructions are abstracted.

■ 3. By instruction No. 4 the jurors were told that if they found that Peterson bought the cow and calf of Hollenbeck they should return a verdict for him for her value and the value of the calves in the amount allowed Jutten. This, of course, would be $184.00, whereas the amount returned was $85.50. Hence, say counsel for

Hollenbeck, the evidence does not support the verdict and reversal must follow.

While certain speculations may be indulged and certain conclusions reached therefrom as to the jurors' process of reasoning by which they reached their verdict, these are wholly unnecessary. The rule, almost universally applied in such cases, is that before a judgment can be reversed it must appear that error was committed and that such error was prejudicial to the party complaining. Here Hollenbeck seeks reversal and the error, which we think clearly committed, was wholly in his favor. Authorities in support of this rule are so numerous and the rule so well established that citation is unnecessary. Some to the contrary are to be found. *Lenander v. Graves,* 45 Colo. 246, 100 Pac. 403; *Burlington R. R. Co. v. Chapman,* 53 Colo. 28, 123 Pac. 649. As to such cases, however, practically all of them fall into two classes. Either it will be discovered that the jurors indulged in pure speculation and sought to do what they regarded as equity, in violation of the instructions, and thus victimized one of the parties, or found the principal question in the case upon which recovery solely depended in favor of one party and then returned a verdict for the other. In all such cases it appears that reversal was imperative to avoid a gross miscarriage of justice. For instance, where recovery is sought upon a contract and allowed though there was no contract, etc. Here, however, an entirely different situation presents itself. No verdict could be returned for either Jutten or Peterson unless the cow in question and the calf by her side were sold by Hollenbeck to Peterson in October, 1941. Such was the sole material fact, alleged and denied in the pleadings and disputed in the evidence. It was practically settled by the instructed verdict to which Hollenbeck entered no objection. It was clearly settled by the verdict in favor of Peterson and against Hollenbeck because until that fact was established by a preponderence of the evidence no verdict for Peterson could

be returned. The jurors simply blundered as to the amount thereof. On its return Peterson moved for judgment, notwithstanding the verdict, for $184.00. His motion was erroneously denied. He did not except and files no cross-error. His counsel assert in their brief that the question above mentioned is the only one in the case and on the filing of the instructed verdict counsel for Hollenbeck asked that the jury be then instructed that such was the sole question for their consideration. That position they have not altered.

As some explanation of this anomalous record it should be noted that while Jutten lost his property in 1941 and Peterson knew for a long time prior to the commencement of this litigation that he had possession of animals in all probability not his own, neither did anything about it until the suit was filed; also that this record contains no hint of intentional misconduct on the part of either Peterson or Hollenbeck. Some kind of blunder was made resulting in the confusion of the property of three prominent citizens of unquestioned standing and prompt action was unreasonably delayed.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE ALTER concur.