No. 17,471.

BERNARD E. TEETS, EXECUTIVE DIRECTOR, ET AL.
v. LEE T. RICHARDSON AS WESTERN COMMISSION
COMPANY.
(284 P. [2d] 233)

Decided May 31, 1955.   Rehearing denied June 20, 1955.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy Attorney General, Mr. Henry E. Zarlengo, Assistant Attorney General, for plaintiffs in error.

Mr. Graham Susman, Mr. Hyman D. Landy, for defendant in error.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the Court.

Plaintiffs in error, hereinafter referred to as the department, seek reversal of the judgment of the trial court in favor of plaintiff Richardson for refund of moneys allegedly erroneously assessed against and paid by plaintiff to the defendant as unemployment compensation liability.

Under the circumstances here presented, a detailed statement of the facts is unnecessary. Final disposition of the case might be had either (1) by dismissal of the writ of error because of failure of compliance with the pertinent rules of procedure, or (2) upon the merits. While we might pursue the first with propriety, we choose the latter.

The record on error, upon which the case is submitted, contains only the pleadings filed by the parties and the findings and judgment of the trial court. No transcript of the evidence presented is before us and no exhibits are attached. On behalf of the department it is contended that the record on error, as made, is sufficient to justify our reversal of the judgment of the trial court as a matter of law. This, in effect, is but a belated attempt to procure entry of judgment on the pleadings. Plaintiff's complaint, however, contains no statement that might be construed as warranting the entry of judgment against him as a matter of law. Apparently this

view was adopted at the time of trial as no such motion was interposed, but the cause proceeded to trial on its merits. The issues before the trial court were whether or not the department's assessment of the contribution was erroneously made, the amount thereof, and the liability of plaintiff therefor. The trial court heard and considered the evidence and its findings and judgment are presumed to be supported by the evidence unless found erroneous on the record.

It is contended, however, that the findings of the trial court are insufficient as a matter of law to support its judgment and that said findings are not in accord with the law. If the judgment is right, it must be affirmed regardless of the findings. A determination of the issue raised by this contention may be made by us only by a review of the evidence upon which the judgment is based, and this we cannot accomplish because of lack of the transcript. We are foreclosed, for instance, of attempting to construe the documents offered as Exhibits D and F, or the Form F-6, all referred to in the trial court's findings, or to determine the effect thereof because none thereof are before us. Without a transcript of the evidence the presumption is that the judgment is supported by the evidence.

The judgment is affirmed.