No. 18,727.

NORMAN J. COLE *v.* ED KYLE.
(348 P. [2d] 960)

Decided February 1, 1960.

Messrs. BENNETT & HEINICKE, for plaintiff in error.

Mr. ELWOOD M. HAYNIE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE parties appear here in the same order as they appeared in the trial court and we will refer to them in that order, namely, Cole as plaintiff and Kyle as defendant.

The action was brought by plaintiff to recover damages to an automobile resulting from fire at a time when the car had been left in defendant's garage for the purpose of repair. The case was tried to the court on the first, second and fifth days of May 1958 and resulted in a judgment in favor of defendant. The record before us for review contains only the complaint, answer, findings of fact and conclusions of law and the judgment of the trial court. From the findings it appears that the action

was fully tried, that both plaintiff and defendant offered evidence in support of the allegations of their pleadings.

The pertinent parts of the findings of the trial court upon which error is claimed are as follows:

"THIS MATTER having come on for trial to the Court the 1st, 2nd and 5th days of May, 1958, the Plaintiff appearing in person and by Bennett and Heinicke, his attorneys, and the Defendant appearing in person and by Elwood M. Haynie, his attorney, and the Court having heard the testimony of the witnesses and having considered the evidence produced by the parties hereto,

## "FINDINGS OF FACT

"THE COURT DOTH FIND that Plaintiff's 1954 Porsche automobile was delivered to the repair shop of the Defendant on the 31st day of January, 1957, for the purpose of repairs; that after the shop had been closed, and Defendant and his employees had departed on the evening of said day, and at about 7:15 P.M. the automobile was destroyed by fire, which fire was confined to the said automobile; that damage to Plaintiff's automobile was in the amount of $1,500.00.

## "CONCLUSIONS OF LAW

"THE COURT DOTH FURTHER FIND that the relationship between Plaintiff owner and Defendant repair shop owner was that of bailor and bailee; that Defendant bailee had the duty of ordinary care; that in order to recover, Plaintiff had the burden of proving a breach of this duty; that Plaintiff did not sustain this burden; that there was no presumption of negligence on the part of Defendant bailee and Defendant need not demonstrate freedom from negligence."

It is the contention of plaintiff that the portion of the above quotation, namely the statement, "that there was no presumption of negligence on the part of Defendant bailee and Defendant need not demonstrate freedom from negligence," constitutes reversible error without reference to any testimony which was heard by the trial court. Assuming this statement to be erroneous as an

abstract proposition of law concerning bailor-bailee relationships generally, it does not ipso facto require a reversal of the judgment.

We note that the trial court specifically found that defendant "had the duty of ordinary care; that in order to recover, Plaintiff had the burden of proving a breach of this duty; that Plaintiff did not sustain this burden; * * * *"

■ That the action was fully tried is not disputed. In oral argument here it was not claimed that defendant failed to go forward with evidence to overcome any claimed presumption of negligence, and from the record before us it cannot be said that defendant's evidence was insufficient to overcome such presumption. *Eddy v. McAninch,* 141 Colo. 223, 347 P. (2d) 499. In argument it was asserted, and not disputed, that numerous witnesses gave testimony from which this court must presume that the trial court was fully justified in finding no negligence on the part of defendant. The findings of the court recite that both parties presented their evidence in a trial lasting three days. No reporter's transcript is made a part of the record before us.

As was stated in *Frederick v. Resler, Adm'r,* 82 Colo. 285, 260 Pac. 103, " * * * we do not know what the evidence was upon which the trial court acted." In that case we also find the following pertinent language:

"Plaintiff in error must affirmatively show prejudicial error before he is entitled to a reversal. In this case no such affirmative showing has been made, and in the absence of the evidence we are not permitted to speculate about it."

■ The duty rests upon the party asserting error in the rendition of a judgment to present a record which discloses prejudicial error, since the judgment is presumed to be correct until the contrary affirmatively appears. *Estate of Zeilinger, Flowers v. Zeilinger, Conservator,* 102 Colo. 556, 81 P. (2d) 879; *Hollenbeck v. Peterson,* 115 Colo. 301, 172 P. (2d) 678.

The case of *Teets v. Richardson*, 131 Colo. 592, 284 P. (2d) 233, was one in which a reversal was sought on a record which contained only the pleadings, findings and judgment of the trial court. From the opinion in that case we quote the following:

"It is contended, however, that the findings of the trial court are insufficient as a matter of law to support its judgment and that said findings are not in accord with the law. If the judgment is right, it must be affirmed regardless of the findings. A determination of the issue raised by this contention may be made by us only by a review of the evidence upon which the judgment is based, and this we cannot accomplish because of lack of transcript. * * * Without a transcript of the evidence the presumption is that the judgment is supported by the evidence."

So in the case at bar, without the evidence before us we cannot speculate as to whether the asserted misconception of the law concerning the presumption of negligence arising from a bailor-bailee relationship, operated to prejudice plaintiff's case. In the absence of a transcript of the evidence we cannot pass upon that question.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.