No. 21223.

Jerry L. Slater, June E. Slater, and Idaho Builders, Inc., a Colorado corporation *v.* Van Schaack & Company.
(425 P.2d 302)

Decided March 20, 1967.

FUGATE, MITCHEM & HOFFMAN, for plaintiffs in error.

ATLER, HALIGMAN AND ATLER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

JERRY L. and June E. Slater brought an action against Idaho Builders, Inc., Thomas J. Carlile and Miles Lantz. The Slaters recovered a judgment against Idaho Builders in the sum of $585 based upon their asserted claim that they had suffered damage arising from a breach of warranty in the purchase of certain real property.

Thereafter, in an attempt to collect the judgment the Slaters caused a garnishee summons to be served upon Van Schaack & Company, the defendant in error. In its answer the garnishee denied being indebted to Idaho Builders, and also included therein a statement to the effect that Van Schaack had "sold a property at 4500 Dasa Drive for Idaho Builders in July, 1959." This was the property purchased by the Slaters. They filed a traverse of the garnishee answer in which they alleged that upon the closing of the transaction involving the sale of the property mentioned, Van Schaack had received for the use and benefit of Idaho Builders, Inc., the sum of $16,687.05 which had not been paid to that corporation. Admittedly, this sum had been paid by Van Schaack to Thomas J. Carlile (one of the defendants in the case in which the judgment for $585 was entered.) Carlile was the fee title owner of the real estate upon which improvements were erected under an arrangement between him, Idaho Builders, and Miles Lantz.

At the hearing upon the issues framed by the garni-

shee answer and the traverse thereof, the trial court entered findings which included the following pertinent language:

"THE COURT FINDS that neither the evidence nor the law gave any right to defendant Idaho Builders, Inc., to appoint garnishee as its agent solely responsible to it to sell the Dasa Drive property; that neither the evidence nor the law required garnishee to see to it that Idaho Builders, Inc., received the proceeds of the sale; that considering the parts Idaho Builders, Inc., Thomas J. Carlile and Miles Lantz each played in the construction and sale of the property, particularly Carlile's ownership of the land and the financing of the construction thereon, payment by garnishee of the proceeds to Carlile, or to either of the other two participants in the venture, would fully satisfy any agency obligations that garnishee had to Idaho Builders, Inc., or to Carlile or to Miles Lantz."

The court entered judgment in favor of the garnishee and the Slaters are here on writ of error seeking reversal.

The record before this court consists of the pleadings in the original action, the garnishment summons, the answer of the garnishee, and the findings and judgment of the trial court entered in the garnishment proceedings.

■■ As this court stated in *Frederick v. Resler*, 82 Colo. 285, 260 Pac. 103, "* * * we do not know what the evidence was upon which the trial court acted." This is so in the instant action. The Slaters have the burden to affirmatively show prejudicial error before they are entitled to a reversal. In this case no such affirmative showing has been made, and in the absence of the evidence we are not permitted to speculate about it.

■ In *Cole v. Kyle*, 141 Colo. 492, 348 P.2d 960, this court appropriately held that:

"The duty rests upon the party asserting error in the rendition of a judgment to present a record which discloses prejudicial error, since the judgment is presumed

to be correct until the contrary affirmatively appears."
See also *Marcotte v. Olin Mathieson,* 162 Colo. 131, 425
P.2d 37.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and JUDGE JOHN
N. MABRY* concur.

---

*Retired District Judge sitting under assignment by the Chief Justice
under provisions of Article VI, Section 5(3) of the constitution of
Colorado.