574 P.2d 518 (1978)
Barbara PINO, Plaintiff-Appellant,
v.
Elias Benjamin MARTINEZ a/k/a Lee Martinez, Defendant-Appellee.
No. 77-528.
Colorado Court of Appeals, Div. III.
January 20, 1978.
Lee N. Sternal, Pueblo, for plaintiff-appellant.
Ardell & Gram, Laurence A. Ardell, Pueblo, for defendant-appellee.
VanCISE, Judge.
Plaintiff, a pedestrian, was struck and injured by an automobile driven by the defendant. Defendant admitted liability, but set forth the defense of the Colorado Auto Accident Reparations Act (the motor vehicle "no-fault" insurance statute), § 10-4-701 et seq., C.R.S. 1973, to reduce portions of the plaintiff's claim against him.
The defendant stipulated that the medical expenses incurred by the plaintiff, as evidenced by her exhibits, were reasonably and necessarily incurred as the result of the accident; the amount thereof, $1,872.85, was not disputed. Also, there was no dispute that, prior to trial, defendant's no-fault *519 insurer had paid $1,777.35 of these expenses.
At the conclusion of the trial, neither counsel objected to the instructions given by the court or to the form of verdict, nor did either submit additional instructions, except that plaintiff's counsel objected to the instruction on damages and tendered a different instruction therefor. The damages instruction given was in the language of Colo. J.I. 6:1, and provided in pertinent part that:
"In assessing actual damages, you shall consider the nature and extent of the injuries, the physical and mental pain and suffering endured prior to the trial of this case, and the reasonable and necessary expenses incurred and payments made for the reasonable and necessary medical, hospital and other expenses by reason of such injuries, insofar as each of such items has been established by the evidence." (emphasis added)
The tendered instruction, which was rejected, differed from the one given only in deleting the phrases emphasized above. On those instructions, the jury returned a general verdict for the plaintiff and assessed her damages at $6,367.40. On motion of the defendant, the court reduced the jury award by $1,777.35, the amount already paid by the defendant's no-fault insurer, and entered judgment for the plaintiff in the amount of $4,590.05 plus interest and costs.
Plaintiff appeals, and the parties have stipulated that the sole issue presented for review is whether the trial court correctly permitted this setoff from the verdict returned by the jury for the no-fault benefits paid to the plaintiff by the defendant's insurer. We affirm.
There is no dispute that the no-fault statute is applicable here, and that the defendant had an insurance policy complying therewith. That statute provides that a pedestrian, the plaintiff here, is entitled to payment direct from the vehicle operator's insurer for her reasonable and necessary medical expenses, and is precluded from recovering the amount of those payments from the insured vehicle operator. Sections 10-4-706(1)(b), 707(1)(c), and 713(1), C.R.S. 1973. Presuming as we must that the jury followed the instructions as given, see Cole v. Kyle, 141 Colo. 492, 348 P.2d 960 (1960), we conclude that the amount of the jury award included the reasonable and necessary medical expenses incurred, the amount of which here was undisputed. Since it is agreed that the amount paid by the defendant's insurer was $1,777.35, since the plaintiff has no right to recover this amount from the defendant, and since this setoff defense was pled by the defendant, the court properly deducted this amount in arriving at the final judgment.[1]
Plaintiff contends that the jury should have been instructed to specify in its damage award that portion which was plaintiff's reasonable and necessary medical expenses, following the procedure outlined in Colo. J.I. 11:24 and 11:25 (1975 Supp.). She asserts that, absent such instructions, the court is unable to determine what amount the jury determined for such damages, and cannot reduce the jury's damages award. We do not agree.
Colo. J.I. 11:24 and 11:25 are intended to be used only when there is a question of fact to be decided by the jury. One interrogatory is for use when it is uncertain whether the plaintiff has met at least one of the "threshold" requirements under § 10-4-714, C.R.S. 1973, which must be established before the plaintiff has a claim for relief against the defendant for damages for bodily injury caused by a motor vehicle. If a threshold requirement has been met, the other interrogatory is to be used only when there is a jury question as *520 to the amount of medical expenses and other benefits the plaintiff has incurred and will incur and is not entitled to recover from the defendant. See § 10-4-713, C.R.S. 1973. Where, as here, the plaintiff's medical expenses were admittedly in excess of the $500 no-fault threshold and the amount was not disputed, there was no need to submit special interrogatories to the jury to determine these undisputed facts.
Since, under no-fault, plaintiff was clearly not entitled to recover from the defendant the amount of plaintiff's medical expenses, to permit plaintiff to recover the total amount of the jury award under the circumstances presented here would be manifestly inequitable.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.
NOTES
[1] In view of the stipulation as to the sole issue presented for review on this appeal, we express no opinion as to whether the jury verdict should have been reduced by the full amount of the medical expenses, $1,872.85, rather than by the $1,777.35 actually paid by the vehicle operator's insurer.