Naon WINKEL, Plaintiff and Respondent,

v.

J. Harold CALL, Executor of the Estate of William J. Ercanbrack, deceased, Defendants and Appellants.

No. 15942.

Supreme Court of Utah.

Nov. 8, 1979.

James J. Smedley, Heber City, for defendants and appellants.

Paul N. Cotro-Manes, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Involved here are three separate claims: One in which plaintiff Naon Winkel sought and recovered $5,552.12, one half of the amount paid on a contract for a mobile home which she had purchased jointly with defendant's decedent, William J. Ercanbrack. The second, in which she recovered judgment for a balance of $759 on a promissory note which that decedent had executed to her. The third, a counterclaim by the defendant executor on a promissory note for $6,273 which plaintiff had executed in favor of the decedent.

From the findings and judgment in favor of the plaintiff, on each of those claims, defendant appeals. He here contends, as he did in the trial court: (1), that the deceased, William J. Ercanbrack, was not liable for contribution because he had signed the purchase agreement only as an accommodation party; and (2), that judgment on the second claim was improperly granted because any indebtedness of the decedent thereon was more than offset by plaintiff's debt to him on the counterclaim; and (3), that the trial court erred in finding that the decedent had made plaintiff a gift of the note on which the counterclaim was based.

■ On September 2, 1975, plaintiff and Mr. Ercanbrack signed an installment purchase contract on a mobile home from Mobile Mansions, in Layton, Utah. There is no doubt that if the facts had been as contended by the defendant: i. e., that the decedent had signed only as an accommodation surety for the plaintiff, he would be only secondarily liable, and have no obligation to make contribution to the plaintiff.[1] The difficulty with that position is that that is not the way the trial court found the facts.

On the basis of the evidence and reasonable inferences to be drawn therefrom, the trial court could fairly take this view of these critical facts: that the decedent had actively participated in the purchase of the mobile home, including the selection of the furniture placed therein; that it was to be used for the mutual benefit of himself and the plaintiff; that those parties had discussed marrying each other; and that they had in fact resided therein together.

From those facts the trial court was justified in its conclusions that the decedent William Ercanbrack was a joint purchaser of the mobile home; that there was a benefit given to him at his request, and that consequently he received consideration for becoming a co-obligor on the purchase contract. The settled rule of law is that such co-obligors have a duty to contribute equally in discharging their common debts.[2]

Therefore, the trial court committed no error in granting the judgment for contribution.

■ In regard to the second claim: the evidence is that the decedent had borrowed from the plaintiff $1,600, for which he had executed the promissory note referred to; and that he had repaid all but the $759 balance for which judgment was correctly entered.

■ The controversy over the promissory note for $6,273 which the plaintiff had executed to the decedent William Ercanbrack as payee devolves upon the provision in a codicil to the latter's will, quoted below. Neither the fact that the decedent had executed the note, nor that it remained unpaid, was disputed. The controversial provision in the codicil stated that the note in question was to be treated "as an uncollectible item and to be wrote [sic] off of my 1976 income as a loss." The defendant contends that that language "does not indicate that he made her [plaintiff] a gift, but he merely wanted the obligation to be treated as a bad debt." The rejoinders to that contention are these: the question as to whether a gift was intended is usually a question of fact, which in case of uncertainty or doubt is to be resolved in the same manner as other questions of fact.

Assuming that the provision of the codicil may be subject to different interpretations and therefore be regarded as ambiguous, it was the prerogative of the trial court to consider all of the attendant facts and circumstances and to make his finding as to the intent of the decedent therefrom. Consistent with what has been said above, and upon our survey of the record, it appears that there is a substantial basis in the evidence upon which the trial court could reasonably believe that it was the decedent's desire, and that he manifested his intent, to forgive the indebtedness of the plaintiff and thus have the effect of making a gift to her. It is elementary that if he so expresses his intent, a testator can make a gift in the forgiving of a debt just as effectively as

---

1. Sec. 70A–3–415, U.C.A.1953.

2. See Rule 69(h), U.R.C.P.; 18 Am.Jur.2d 33, Contribution § 19; 64 A.L.R. 213.

in making a bequest of any other asset he possesses.[3]

■ In connection with his attacks upon the adjudications discussed above, the defendant makes the charge that the court erred in "considering evidence that was inadmissible because of the dead man statute." Its essence is that the plaintiff should not be permitted to testify to any conversation or transaction which was equally within the knowledge of the plaintiff and the decedent.[4] In regard to that contention these observations are pertinent: In his brief the defendant has not made reference to the record where any such inadmissible evidence was received; and this Court has no obligation to search the record on any such general claim of error.[5] That burden rests upon the appellant; and in the absence of any showing to the contrary, it is presumed that the trial court acted correctly.[6] Nevertheless, in this instance, we further observe that insofar as the record discloses, it appears that the trial court took due cognizance of both the statute and the decisional law thereon,[7] and that he adhered thereto in excluding any evidence from the plaintiff which would have been "equally within the knowledge of both the claimant and of such . . . deceased person" which would require exclusion by that statute.[8]

Having found no prejudicial error, the judgment is affirmed. Costs to plaintiff (respondent).

MAUGHAN, HALL, WILKINS and STEWART, JJ., concur.

---

3. 38 C.J.S. Gifts § 67.

4. Sec. 78–24–2, U.C.A.1953.

5. That this Court is not obliged to search the record for specific instances on any such general charge of error, see *Lepasiotes v. Dinsdale*, 121 Utah 359, 242 P.2d 297; and *In re Lavelle's Estate*, 122 Utah 253, 248 P.2d 372, 375.

6. *State v. Hamilton*, 18 Utah 2d 234, 419 P.2d 770. See also *Bennett Leasing Co. v. Ellison*,

15 Utah 2d 72, 387 P.2d 246, citing *Teets v. Richardson*, 131 Colo. 592, 284 P.2d 233.

7. *Maxfield v. Sainsbury*, 110 Utah 280, 172 P.2d 122; *Morrison v. Walker Bank and Trust Co.*, 11 Utah 2d 416, 360 P.2d 1015.

8. See *Timpanogos Highlands, Inc. v. Harper*, Utah, 544 P.2d 481.