Jesse **CAMACHO**, as Conservator of Jesse Ray Camacho, protected person, Plaintiffs-Appellants,

v.

Richard Wade **DAFFERN** and Bessie R. Daffern, Defendants,

and

The **St. Paul Fire and Marine Insurance Company**, Garnishee-Appellee.

No.79CA1157.

Colorado Court of Appeals, Div. II.

Jan. 15, 1981.

Andersen & Gehlhausen, P. C., John Gehlhausen, Lamar, for plaintiffs-appellants.

Kane, Donley & Wills, Lee Wills, Colorado Springs, for garnishee-appellee.

ENOCH, Chief Judge.

This is an appeal by plaintiff, as conservator of Jesse Ray Camacho, a minor, of a judgment in favor of the garnishee that quashed a writ of garnishment. We reverse and remand with directions.

On April 18, 1977, Jesse Ray Camacho, a pedestrian, was struck by an automobile driven by defendant, Richard Wade Daffern. Defendants were insured under an automobile policy that contained the required personal injury protection (PIP) coverage and also liability coverage in the amount of $25,000. Defendants' insurance carrier, The St. Paul Fire and Marine Insurance Company (the garnishee), made payments, pursuant to the PIP coverage, directly to plaintiff for necessary and reasonable medical expenses.

Subsequently, plaintiff sued defendants for damages resulting from injuries. A "settlement agreement" was entered into by the parties and the garnishee wherein defendants confessed judgment in favor of plaintiff in the amount of $25,000, the limit of defendants' liability coverage. Relevant provisions of that settlement are set out as follows:

"1. Judgment shall be confessed by the Defendant ... in favor of the Plaintiffs in the sum of Twenty-five Thousand ($25,000.00) Dollars...

"4. Garnishment action may be instituted by the Plaintiffs ... against The St. Paul Insurance Companies for any sums claimed due and owing under a policy insuring Richard Daffern for the collision in question less any sums paid to Plaintiffs as specified in subsequent paragraphs.

"5. The insurance carrier of the Defendant, Richard Daffern, The St. Paul Fire and Marine Insurance Company, shall forthwith pay to Plaintiffs ... a sum equal to the following:

A. The face amount of the liability portion of the insurance policy ... the sum of Twenty-five Thousand ($25,000.00) Dollars....

B. Less sums previously paid on behalf of Plaintiffs for reasonable and necessary medical expenses incurred as a result of the accident ... in the sum of Seven Thousand Five Hundred Thirty-six ($7,536.30) Dollars and Thirty Cents...

"7. The parties hereto agree that the reason for the aforereferenced garnishment action which may be undertaken by the Plaintiffs is because the Defendant's insurance carrier, The St. Paul Fire and Marine Insurance Company, claims that the extent of its liability under the aforereferenced and attached insurance policy is the sum of $25,000.00, bodily injury liability insurance less sums paid pursuant to coverage G of said policy, such coverage being personal injury protection benefits. This claim is disputed by Plaintiffs."

Pursuant to the settlement agreement, plaintiff initiated this garnishment proceeding to recover the $7,536.30 withheld. The trial court determined that *Pino v. Martinez*, 40 Colo.App. 333, 574 P.2d 518 (1978), and the provision of the policy prohibiting duplication of benefits were controlling and held that the garnishee was entitled to set off the PIP payments against the recovery under the liability coverage. Plaintiff argues that the trial court erred in allowing such a set-off.

Under the Colorado Auto Reparations Act (no-fault statute) every owner of a motor vehicle who operates such vehicle on the public highways of this state is required to maintain a policy of insurance that, among other items, contains a minimum of $15,000 coverage for liability and $25,000 for PIP coverage. Sections 10–4–706(1)(a), and 10–4–706(1)(b), C.R.S.1973. PIP and liability are two distinct types of coverage, *Marquez v. Prudential Property & Casualty Co.*, Colo., 620 P.2d 29 (1980), and a person entitled to direct PIP benefits, such as the pedestrian here, *see* § 10–4–707(1)(c), C.R.S.1973, or the insurer providing such benefits, is prohibited from recovering against a defendant-owner or driver of a motor vehicle, damages covered under PIP coverage. Section 10–4–713, C.R.S. 1973. As such, any judgment against a defendant-owner or driver that includes

PIP damages is faulty. This was illustrated in *Pino v. Martinez, supra.*

In *Pino* the plaintiff incurred medical expenses that were paid by the defendant-driver's no-fault insurer under PIP coverage. The case was submitted to the jury under a damages instruction that permitted the jury to consider, among other items, damages that are designated for recovery under PIP coverage. From a verdict in favor of the plaintiff, the trial court set off from the jury award the amount of PIP payments that had been paid to the plaintiff and entered judgment for the difference. Based on a determination that the plaintiff was precluded from recovering PIP payments from the defendant-driver we affirmed the trial court's set-off.

■ If PIP payments were, as a matter of course, to be set off against recovery under liability coverages, the effect would be to allow liability coverage to be maintained at less that the statutorily required minimum. *Newton v. Nationwide Mutual Fire Insurance Co.,* 197 Colo. 462, 594 P.2d 1042 (1979); *Atencio v. Mid-Century Insurance Co.,* Colo.App., 619 P.2d 784 (1980). Thus, the pivotal issue in *Pino,* and as in any question as to a set-off of PIP payments against a liability recovery, is whether expenses that are recoverable under the PIP coverage were included in the damages assessed against a defendant-owner or driver. Here, the trial court made no findings, and we are unable to determine from the face of the settlement agreement or the record, whether the parties included expenses that are recoverable under the PIP coverage in computing the $25,000 settlement. Thus, we must remand to the trial court to determine whether the parties included, in computing the $25,000 settlement, expenses recoverable under the PIP portion of the policy.

If the trial court should determine the PIP covered expenses were not included in reaching the $25,000 settlement, then the trial court should reinstate the writ of garnishment and enter judgment thereon in favor of the plaintiff in the sum of $7,536.30, the amount of the unsatisfied judgment. If the trial court should determine that PIP covered expenses were included in reaching the $25,000 settlement, then the writ of garnishment should be quashed to the extent of such PIP expenses.[1]

Application of the policy, provision prohibiting duplication of benefits is also contingent in this case upon a determination of whether damages covered under PIP coverage were included in the liability settlement.

Therefore, the judgment quashing the writ of garnishment is reversed and the cause is remanded with directions to hold such hearings as may be necessary, to make appropriate findings and disposition consistent with this opinion.

COYTE and VAN CISE, JJ., concur.

---

1. Should the trial court determine that PIP payments were included in the $25,000 settlement, then, pursuant to § 10–4–713, C.R.S.1973, the judgment is faulty. We are, however, unable to direct disposition as to that judgment in that this case comes to us only on a challenge of the trial court's quashing of a writ of garnishment.