**Wanda F. HICKENBOTTOM, Plaintiff-Appellant,**

v.

**Charles E. SCHMIDT, Defendant-Appellee.**

**No. 80CA0442.**

Colorado Court of Appeals, Div. II.

Feb. 26, 1981.

Donald K. Smith and Terry E. Turner, Sterling, for plaintiff-appellant.

Fortune & Lawritson, Lowell Fortune, Denver, for defendant-appellee.

PIERCE, Judge.

In this personal injury action, plaintiff, Wanda Hickenbottom, appeals from an amended judgment in favor of defendant, Charles E. Schmidt. We reverse.

After a trial to the jury, plaintiff's damages due to defendant's negligence were calculated to be $10,000. After deducting the percentage of plaintiff's comparative negligence from the total amount of damages, the trial court entered judgment in favor of plaintiff for $7,500. However, because plaintiff had received $9,802.35 in personal injury protection (P.I.P.) benefits for medical expenses and loss of income, the court amended the judgment in favor of defendant.

Plaintiff contends that § 10–4–717, C.R.S. 1973 (1979 Cum.Supp.) prohibits setting off

the P.I.P. payments received by her against the damages awarded to her. We disagree.

Section 10–4–717, C.R.S.1973 (1979 Cum. Supp.), applies to actions by or between insurance companies, and has no applicability where, as here, the injured party brings an action on her own behalf against the tortfeasor. *Cf. Marquez v. Prudential Property & Casualty Co.,* Colo., 620 P.2d 29 (1980).

Section 10–4–713(1), C.R.S.1973 (1979 Cum.Supp.) provides that an injured party is precluded from recovering damages from a tortfeasor which are recoverable as direct benefits under § 10–4–706, C.R.S.1973 (1979 Cum.Supp.). Therefore, the trial court did not err in setting off the P.I.P. payments received by plaintiff against the damages awarded to her by the jury. Section 10–4–713(1), C.R.S.1973 (1979 Cum.Supp.); *Pino v. Martinez,* 40 Colo.App. 333, 574 P.2d 518 (1978). However, the recoverable P.I.P. benefits are to be deducted from the total amount of damages attributable to defendant's negligence *before* the court reduces the judgment by the percentage of comparative negligence attributable to plaintiff. Colo.J.I. 11:21 (2d ed. 1980) (1981 Supp.); *see* §§ 10–4–713(1) and 10–4–706, C.R.S. 1973 (1979 Cum.Supp.).

The trial court therefore erred in reducing the judgment to $7,500 prior to setting off the P.I.P. payments received by plaintiff.

We have examined plaintiff's remaining contentions of error and find them to be without merit.

The judgment is reversed and the cause is remanded to the trial court to enter judgment for plaintiff in the amount of $148.24.

VAN CISE and KELLY, JJ., concur.