**Oscar RAMIREZ, Plaintiff–Appellant,**

v.

**Lawrence S. VEELEY and Matthew Veeley, Defendants–Appellees,**

**No. 86CA0411.**

Colorado Court of Appeals,
Div. IV.

April 14, 1988.

Rehearing Denied May 12, 1988.

Cross, Gaddis, Kin & Quicksall, P.C., David L. Quicksall, Thomas J. Herd, Colorado Springs, for plaintiff-appellant.

Shaw, Simons & Quigg, P.C., Lewis M. Quigg, Pueblo, for defendants-appellees.

TURSI, Judge.

Plaintiff, Oscar Ramirez, appeals the trial court's reduction of the amount of damages awarded him by a jury. We affirm in part and reverse in part.

Plaintiff was injured in an automobile accident and brought this action to recover for his injuries.

The pretrial order included a stipulation between the parties which provided that plaintiff did "not claim lost earnings for the first fifty-two (52) weeks from the date of the accident, due to the No–Fault statutes. However, plaintiff may submit tax returns for that and other relevant periods since such proof relates to past losses after the first fifty-two (52) weeks and to future impairment of earning capacity."

At trial, plaintiff presented tax returns reflecting profit and loss from his sole proprietorship and his individual income. The jury instruction on damages, submitted without objection, instructed the jurors to include in the damages any loss of earnings or impairment of earning capacity from the date of the accident. In closing argument, plaintiff's counsel argued, among other things, the amount of lost income plaintiff suffered during that first year after the accident. The jury awarded plaintiff $25,000 in damages.

Defendants filed a motion to alter or amend judgment to conform with the pretrial order. They maintained plaintiff would have been entitled to income benefits of $125 per week for 52 weeks under his own insurance policy. Therefore, they sought to reduce the damage award by $6,500. The trial court agreed and reduced the judgment to $18,500.

## I

Plaintiff argues that the trial court erred by reducing his damage award since defendants failed to make timely objection to the evidence, jury instruction, and closing argument. We disagree.

Section 10–4–713(1), C.R.S. (1987 Repl.Vol. 4A) provides that an injured party is precluded from recovering damages from the tortfeasor which are recoverable as direct benefits pursuant to § 10–4–706, C.R.S. ("no-fault" statute in effect at the time of the accident). Here, in accordance with § 10–4–706, the parties stipulated that plaintiff could not recover the lost earnings for that first year "due to the no-fault statute."

The jury, however, was unaware of the statute or the stipulation, and we must presume it followed the jury instruction and awarded the lost wages precluded by the statute; therefore, the trial court committed no error in concluding that the damage award should be reduced. *See Pino v. Martinez*, 40 Colo.App. 333, 574 P.2d 518 (1978).

## II

Plaintiff asserts the trial court erred in concluding that plaintiff's "no fault" pay-

ment would equal $125 per week for 52 weeks, and thus, reducing the award by $6,500. We agree.

At the hearing on defendants' motion to alter judgment, defendants argued that plaintiff's 1981 gross business income was $11,288 which equals $217 per week; therefore, pursuant to § 10–4–706, defendants were entitled to a deduction from the damages award of the entire $125 per week for 52 weeks ($6,500). However, the figure $11,288 was taken from the schedule of profit or loss from the business (Schedule C) filed with plaintiff's federal tax return and reflects only the business' gross sales.

Plaintiff maintained that his individual gross income was $5,678 in 1980 and $5,165 in 1981 for an average of $5,421. He further maintained that he earned $3,930 in 1982, the year of the accident. These figures are plaintiff's gross income before adjustments as shown on the first page of his federal income tax return. Therefore, he claims his lost income was $1,491 ($5421 —$3930).

■ The trial court determined that $125 per week for 52 weeks would be deducted from the judgment based on § 10–4–706 and the stipulation. However, the stipulation provided that he could not claim lost earnings for that 52–week period "due to no fault." We conclude that loss of gross income per week pursuant to § 10–4–706 must be computed on an individual's gross income and not on the gross sales or income of the individual's business. Therefore, we hold that the trial court erred in reducing the judgment by $6,500.

The judgment must be reduced by the *loss* of plaintiff's *personal income* for the 52–week period. Under the undisputed evidence in the tax returns presented in this case, we conclude that plaintiff's computation of loss of income is correct ($1,491 divided by 52 = $28.67 per week).

We reject plaintiff's claim for attorney fees and reject plaintiff's assertion that defendants' defense was either frivolous or groundless.

The trial court's determination to reduce plaintiff's judgment is affirmed, but its de-

termination of the amount of reduction is reversed. The cause is remanded with instructions to redetermine the amount of the reduction in accordance with this opinion.

BABCOCK and METZGER, JJ., concur.