Margaret FLEMING, mother and next friend to Dale Fleming, a minor, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant.

Civ. A. No. 89–B–260.

United States District Court, D. Colorado.

March 31, 1989.

William P. Godsman, Law Offices of John G. Salmon, P.C., Denver, Colo., for plaintiffs.

Robert A. Zupkus, Zupkus & Ayd, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on plaintiffs', Margaret and Dale Fleming (Flemings), motion to remand this action to the Arapahoe County District Court pursuant to 28 U.S.C. § 1332(c). Flemings, Colorado residents, contend that under the provisions of § 1332(c), defendant Allstate Insurance Company (Allstate), an Illinois corporation, is deemed a resident of Colorado and no diversity of citizenship exists, so that this Court does not have subject matter jurisdiction. I disagree and deny Flemings' motion.

In 1986, plaintiff Dale Fleming, a pedestrian, was hit by a car driven by Judith Ann Hodgeson (Hodgeson), a Colorado resident. As a result of the accident, Dale Fleming suffered bodily injuries. Hodgeson carried no-fault insurance through Allstate.

On January 25, 1989, Flemings sued Allstate in the Arapahoe County District Court for Allstate's failure to provide no-fault benefits as required by § 10–4–708, C.R.S. (1987 Repl.Vol. 4A). Flemings claimed entitlement to personal injury protection (PIP) benefits under Hodgeson's insurance policy. Hodgeson was not joined as a party-defendant.

Allstate removed this action to the United States District Court for the District of Colorado (the federal court). Allstate argues that the federal court has original jurisdiction under 28 U.S.C. § 1332(a) and that removal is proper under 28 U.S.C. § 1441(a). The sole issue is whether 28 U.S.C. § 1332(c) applies to this case.

28 U.S.C. § 1332(c) provides in pertinent part:

> [I]n any direct action against the insurer of a policy or contract of *liability* insurance, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant*, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (emphasis added).

The language of § 1332(c) is clear and unambiguous. It is applicable only to policies or contracts of liability insurance and actions to which the insured is not joined as a party defendant.

Under the Colorado Auto Reparations Act (no-fault statute) every owner of a

motor vehicle who operates it on the state public highways is required to maintain an insurance policy that contains both liability and PIP coverage. § 10-4-706, C.R.S. (1987 Repl.Vol 4A). Liability and PIP are two distinct types of coverage. *Camacho v. Daffern,* 622 P.2d 610 (Colo.App.1981); *Watkins v. Allstate Insurance Company,* 503 F.Supp. 848 (E.D.Mich.1980); *but see Ford Motor Co. v. Insurance Co. of North America,* 669 F.2d 421 (6th Cir.1982); *McMurry v. Prudential Property and Casualty Ins. Co.,* 458 F.Supp. 209 (E.D. Mich.1978). A PIP claim is an action against the PIP insurer under a contract, where the PIP claimant assumes the status of an insured. *Cingoranelli v. St. Paul Fire & Marine Insurance,* 658 P.2d 863 (Colo.1983). It is not a direct action for tort liability. *Watkins v. Allstate Insurance Company, supra.*

Section 1332(c) clearly and unambiguously applies only to direct actions between a third party and the insurer to impose liability for the negligence of its insured. It does not apply to actions between the insurer and the insured or one afforded the status of an insured. *Tuck v. United Services Automobile Assn.,* 859 F.2d 842 (10th Cir.1988) (uninsured motorists coverage); *Bowers v. Continental Insurance Co.,* 753 F.2d 1574 (11th Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985). Because this action is brought against the insurer by parties afforded the status of insureds, § 1332(c) does not apply.

The purpose of § 1332(c) is to restrict federal diversity jurisdiction where state law authorizes a direct tort action by a third-party, injured by an insured tortfeasor, against the insured's insurance company and the insured is not a party. *Ford Motor Co. v. Insurance Co. of North America, supra.* at 424-425. Although no-fault insurance operates like direct action statutes and permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle, no-fault insurance statutes had not been adopted in any jurisdiction when Congress enacted § 1332(c). *Id.* Thus, § 1332(c) could not have been intended by Congress to apply to no-fault actions.

The 10th Circuit's rationale in *Tuck v. United Services Automobile Assn., supra.,* directs the result in this case. As the 10th Circuit explained, quoting from *Fortson v. St. Paul Fire and Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir.1985):

[Section 1332(c) ] was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction.

*Tuck v. United Services Automobile Assn., supra.* at 847. Unless the claim against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action under § 1332(c). *Id.* Thus, where, as here, the PIP claimant is not suing to impose liability on the insurer for its insured's negligence, the action is not direct within the meaning of § 1332(c). Therefore, § 1332(c) does not operate to divest the federal court of diversity jurisdiction.

Accordingly, it is ORDERED that Flemings' motion to remand this case to the Arapahoe County District Court is denied.