272 A.2d 926.

YVETTE PATENAUDE *vs.* PERSONNEL BOARD OF THE
CITY OF CENTRAL FALLS.

JANUARY 28, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for a writ of certiorari to review the action taken by the respondent board in connection with the instant petitioner's appeal from her dismissal by the city's finance director.

The record establishes that the respondent board created by article III, chap. 6, sec. 3-602 of the city's home rule charter adopted November 4, 1952, consists of three members. The record further establishes that when petitioner's appeal from her dismissal by the city finance director was heard by the board, only two members thereof

participated. At the conclusion of the hearing these members were in disagreement. One voted to sustain petitioner's appeal while the other voted to deny it and affirm the action of the finance director.

When the cause came on to be orally argued in this court, it became apparent that the record as certified was defective in two significant particulars. First, the full record essential to a review had not been certified, and secondly, both participating members of the board failed to set forth the findings of fact on which each made his respective decision.

Article VII, sec. 7-107 of the city charter vests the board with jurisdiction to hear appeals taken by employees from their dismissal by the head of the department within which they worked. Moreover, sec. 7-101 provides that dismissal "shall be for just cause only." Section 7-107 expressly provides that "The Board's decision shall be in writing and shall contain *findings of fact* which in the absence of fraud shall be conclusive." (Emphasis ours.)

From the foregoing recitation of the proceedings before the board and the applicable provision of the city charter, it is readily apparent that a meaningful review of the board's action cannot be had from the record as compiled. Obviously, there being no finding of fact by the board member who voted to overrule petitioner's appeal,[1] it is impossible to determine whether that member's action amounted to a finding that there was just cause. See *Our Lady of Mercy* v. *Zoning Board of Review*, 102 R. I. 269, 229 A.2d 854.

We conclude in such circumstances that the ends of justice will best be served by remanding the case and the

---

[1]Section 7-107 provides in part "If the Board overrules the appeal of the employee, it shall confirm the action of the appointing authority which shall be final as of the date it was taken."

papers therein to the respondent board for a de novo hearing on petitioner's appeal to it.

Motion to reargue denied.

*John F. McBurney, William J. Burke,* for petitioner.

*Luc R. LaBrosse,* City Solicitor, for respondent.