## No. 24314.

Billy D. Lawless *v.* Ted Bach, Commissioner, Arthur S. Bowman, Commissioner, Larry Perry, Commissioner, constituting and comprising the Civil Service Commission of the City and County of Denver, The Civil Service Commission, Fire and Police Department, City and County of Denver, State of Colorado; and Ted Bach, Arthur S. Bowman, and Lawrence Perry, members of the Civil Service Commission, Fire and Police Department, City and County of Denver, State of Colorado.

(489 P.2d 316)

Decided October 12, 1971.

CARROLL & BRADLEY, P. C., JOHN S. CARROLL for plaintiff in error.

MAX P. ZALL, City Attorney, BRIAN H. GORAL, Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error, hereinafter referred to as plaintiff, is here contesting his dismissal from the Denver Police Department. He was dismissed by the Chief of Police on specific charges alleging violation of three sections of the Rules and Regulations of the Police Department.

The dismissal was approved by the Manager of Safety and appeal was taken to the Denver Civil Service Commission as provided in the City Charter. The Commission found plaintiff guilty of the charge set forth in Specification 1, namely, "conduct prejudicial to the good order and police discipline of the department or conduct unbecoming an officer and a gentleman, which may not be specifically set forth in department rules." (Rules and Regulations of the Police Department, §8.4.) Thereafter, the Commission directed that the order of dismissal "be modified by changing the discharge to a suspension for a period of one year * * *" On appeal by both parties to the Denver district court, the dismissal order was reversed, the court holding that the Commission's decision was not in any way explained by findings of fact. The district court stated,

"* * * the record discloses that the Commission, in substance, insofar as specification one is concerned, did sustain the findings of the * * * Chief of Police, and Manager of Safety. And they, the Commission, with no reason whatsoever, without any findings, without any conclusions, set aside the order of the * * * Chief of Police and Manager of Safety, which directed dismissal * * * *"

The court ordered the dismissal order by the chief to be reinstated.

■ We hold that the District Court erred in not granting plaintiff's motion to remand the case to the Commission to supply the missing findings. The charter of the City of Denver provides that on review the Commission may modify disciplinary action taken by the Chief of Police, but, in so doing, it is mandatory that the Commission must make "written findings" and "give due weight to the necessity of the maintaining by the Chief of administrative control of his department." Denver, Colorado, Charter, §C5.73-3(5). It would appear from the disparity in penalties imposed by the Chief and the Commission that the charter mandate for the Commission to give "due weight" to the Chief's necessity for administrative control dictates that reasons supportable in the record must be shown to ascertain whether the Commission was arbitrary and abused its discretion.

Under such circumstances, there can be no meaningful review on the merits, and thus, the proper action would have been to remand the case to the Commission for such findings. *See Womack v. Industrial Comm.*, 168 Colo. 364, 451 P.2d 761 (1969); *Turner v. Denver*, 146 Colo. 336, 361 P.2d 631 (1961); *Patenaude v. Personnel Bd.*, 108 R.I. 142, 272 A.2d 926 (1971); *Montgomery v. County Commr's*, 256 Md. 597, 261 A.2d 447 (1970); *Harrington Glen, Inc. v. Municipal Bd.*, 52 N.J. 22, 243 A.2d 233 (1968).

Judgment reversed and cause remanded to the District Court to remand to the Civil Service Commission to supply findings explaining the reasoning behind its modifications.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.