352 A.2d 658 (1976)
Stephen G. PITASSI
v.
PERSONNEL HEARING BOARD OF the CITY OF EAST PROVIDENCE.
Nos. 76-29-Appeal, 74-71-M. P.
Supreme Court of Rhode Island.
March 9, 1976.
*659 Roberts & Willey Inc., Dennis J. Roberts II, Providence, for petitioner.
Joseph T. Little, Asst. Sol., for respondent.

OPINION
KELLEHER, Justice.
Stephen G. Pitassi is seeking a review of his dismissal by the city of East Providence where he worked as a laborer in the city's Water Department. Pitassi is before us on both an appeal from a judgment entered in the Superior Court denying a complaint that he had filed and common law certiorari. The thrust of the complaint and certiorari is Pitassi's claim that his firing was unjustified. We have consolidated the appeal and the certiorari proceeding.
Pitassi worked for the city of East Providence from April 4, 1967, until his discharge sometime in March of 1973. He had been notified in writing by the city manager, in accordance with art. IX, § 9-28(4), of the city's Revised Ordinances, that he would be suspended and discharged because his work record allegedly indicated that he was not adaptable to the type of work he was performing. At the time Pitassi received this notice, he was recuperating from a work-related back injury he had received in March of 1973, which had totally incapacitated him from working.
Pitassi appealed his discharge, using the prescribed appellate framework which is found in § 9-28. He first was heard by the city manager, who on April 9, 1973, informed the employee that the original suspension and discharge order would remain in full force and effect. Thereafter, on April 24, the city's Personnel Hearing Board conducted a hearing at which testimony by the Superintendent of the Water Department, the Director of Public Works, and Pitassi's foreman gave reasons why the firing order should be upheld. Near the end of April the board informed Pitassi *660 that they were upholding the city manager's findings. At this point Pitassi sought judicial relief.
Section 9-1 of the ordinance states that a discharged employee " * * * shall have a right of appeal * * * to a court of competent jurisdiction for a trial de novo in accordance with law." Pitassi filed a complaint in the Superior Court. Subsequently, a trial justice ruled that the Superior Court had no jurisdiction to entertain his appeal and dismissed his complaint. Pitassi took an appeal from the trial justice's action to this court and alternatively sought to protect his employment rights by filing with us a common law petition for certiorari.
Turning to the appeal facet of this controversy, we believe that the Superior Court's denial of Pitassi's complaint was correct. Article XXVIII, § 2, of amendments to the Rhode Island Constitution empowered the city of East Providence to adopt a home rule charter which contained laws "* * * relating to its property, affairs and government not inconsistent with * * * [the] laws enacted by the general assembly [and] in conformity with the powers reserved to the General Assembly." (Emphasis added.) The power to prescribe the jurisdiction of the courts is vested in the General Assembly by art. X, § 1, and art. XII, § 1, of amendments to the Rhode Island Constitution. Floyd v. Quinn, 24 R.I. 147, 152, 52 A. 880, 884 (1902). East Providence, through its home rule charter, may not intrude upon this power. Since the right of appeal described in § 9-1 of the East Providence ordinance has not been given by the General Assembly, Pitassi's sole remedy is his petition for certiorari.
On numerous occasions we have granted certiorari to review the discharge of a municipal employee. See e. g., Patenaude v. Personnel Board, 108 R.I. 142, 272 A.2d 926 (1971); Papineau v. Personnel Board, 101 R.I. 359, 223 A.2d 549 (1966); Dufault v. Hebert, 99 R.I. 181, 206 A.2d 456 (1965). Review in such circumstances is limited to a determination of the presence in the record of legally competent evidence that will support the findings of the tribunal. We do not weigh the evidence. A. T. & G., Inc. v. Zoning Board of Review, 113 R.I. 458, 461, 322 A.2d 294, 295 (1974).
The record for review in this case, however, is woefully deficient. Since there was no transcript of the proceedings before the board,[1] it is impossible to determine whether the board complied with the ordinance requirement that an employee be fired for just cause. In order to accomplish justice, we shall remand this case to the respondent board where a hearing can be held and a proper record of the proceedings maintained and preserved. Patenaude v. Personnel Board, supra.
The plaintiff's appeal is denied and dismissed, and the judgment dismissing his complaint is affirmed. The petition for certiorari is granted, the board's decision is quashed, and whatever records have been certified to us are returned to the board for further proceedings in accordance with this opinion.
ROBERTS, C. J., and DORIS, J., did not participate.
NOTES
[1] At oral argument there was a dispute as to the reason for the absence of a transcript. The city maintained that the union representative who appeared before the board with Pitassi had agreed to a no-transcript hearing. Pitassi denied that this was the case.