John T. IVY, Complainant–Appellant,

v.

**STATE OF COLORADO—STATE PER-SONNEL BOARD and Department of Administration, Division of Accounts & Control, Respondents–Appellees.**

**No. 92CA1544.**

Colorado Court of Appeals,
Div. IV.

Aug. 26, 1993.

As Modified on Denial of Rehearing
Sept. 30, 1993.

---

Douglas G. McKinnon, Littleton, for complainant-appellant.

No appearance for the State Personnel Bd.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Joseph Haughain, Asst. Atty. Gen., Denver, for respondent-appellee Dept. of Admin., Div. of Accounts & Control.

Opinion by Judge CRISWELL.

John T. Ivy, a state employee, appeals from an order of the State Personnel Board that denied his request for a hearing upon the grievance he filed pursuant to § 24–50–123, C.R.S. (1988 Repl. Vol. 10B) and rules R10–2–1, et seq., 4 Code Colo. Reg. 801–1, of the Board's rules. We reverse and re-

mand with directions to grant a hearing to the employee upon his grievance.

Section 24–50–123 requires the Board to adopt a "grievance procedure" for state employees to provide for a review of "all grievances," except those involving disciplinary actions under § 24–50–125, C.R.S. (1988 Repl. Vol. 10B), which are subject to separate administrative procedures.

The system adopted by the Board pursuant to this statute is set forth in Chapter 10 of the Board's rules. These rules provide that a "formal grievance" may be asserted by any employee who is "aggrieved by any action [of the appointing authority or other supervisors] not otherwise appealable." R10–2–1, 4 Colo. Reg. 801–1. Such a grievance may relate to working facilities or conditions or agency policies, rules, or regulations.

However, any complaint that an employee may have regarding the manner in which his or her position has been classified—a "classification" dispute—is subject to a separate statutory review procedure under § 24–50–104(3), C.R.S. (1988 Repl. Vol. 10B), and, thus, is not subject to the grievance procedure. Likewise, the Board's rule specifically exempts from such procedures any dispute relating to overtime pay. R10–2–1, 4 Code Colo. Reg. 801–1.

The Board's rules provide that, if the employee does not receive satisfaction after discussing the grievance with the immediate supervisor, it must be reduced to written form and processed through a four-step procedure. That procedure involves discussions with increasingly higher supervisors including, at the last step, discussions with the appointing authority or that authority's delegate. R10–2–3, 4 Code Colo. Reg. 801–1. If the employee still remains unsatisfied, an appeal may be filed with the Board and the employee may request a hearing. R10–2–3, 4 Code Colo. Reg. 801–1.

Such request is referred to a designated hearing officer for a preliminary review to determine "whether valid issues exist which merit a full hearing." The hearing

officer may request the parties to provide information on "information sheets," and after considering the written grievance and such information as the parties have provided, the hearing officer is to make a written recommendation to the Board. R10–4–2(A), 4 Code Colo. Reg. 801–1.

The parties agree that any appeal from a Board's decision upon a requested hearing is reviewable by this court pursuant to the State Administrative Procedure Act, § 24–4–106, C.R.S. (1988 Repl. Vol. 10A). That statute is specific in requiring "all pleadings, applications, evidence, exhibits, and other papers presented to or considered by the agency" to be included as a part of the record presented to the reviewing court. Section 24–4–106(6), C.R.S. (1988 Repl. Vol. 10A).

■ However, all that has been certified to this court by the Board's executive director here is: (1) the hearing officer's written recommendations, (2) the reporter's transcript of the Board's discussion and vote upon that recommendation, and (3) the written order of the Board denying the requested hearing. The record before us does not contain the employee's grievance nor any of the evidentiary submissions made to the hearing officer.

While the Board has requested to supplement the record with those documents, the employee has asserted that the Board did not consider them in reviewing the hearing officer's recommendation, there is no indication in the reporter's transcript of the Board's discussion that they were considered, and the submissions made by the Board to us do not contain any explicit assertion that the Board did review them.

Under these circumstances, we will presume that the materials presented to the hearing officer support the preliminary findings made by her. *See Slater v. Van Schaack & Co.,* 162 Colo. 201, 425 P.2d 302 (1967).

After reviewing what she termed "offers of proof" by the employee, the hearing officer made detailed preliminary findings. She found that the employee, after serving some six years in one position, was thereafter involuntarily transferred to a series of temporary assignments. While the employee voiced his disagreement with these transfers to his various supervisors, he did not file a formal grievance to protest them. He claims that there were two reasons that he did not initiate such a protest at that time.

First, he asserts that he was repeatedly assured by the executive director of the department from which he was transferred that his assignments would be structured in such a way that his salary would not be reduced. Second, he asserts that he was also repeatedly advised by numerous supervisors and other state officials, including the state personnel director, that he did not at that point have any right of recourse within the personnel system.

In contrast to these specific claims, the hearing officer found that the department's position regarding the existence of such promises and advice was "less than clear."

After the General Assembly lifted a wage freeze on positions in the classified service, a desk audit was performed on the position that the employee then occupied. Based to some extent upon the fact that the occupant of that position was called upon to supervise fewer employees than the occupant of the employee's original position, that position was down-graded in its classification. As a result, the employee's salary suffered a substantial reduction from the level of salary he enjoyed prior to his original transfer. He alleged that this wage reduction constituted a violation of the express representations and promises made to him by his department's executive director. Therefore, the employee, allegedly acting upon the advice of the department's personnel director, filed two grievances—one against his original appointing authority and one against the appointing authority of the position which he was then filling.

Based upon the foregoing allegations, which the hearing officer found to have support in the written exhibits submitted to her, the hearing officer concluded that "given the language of the written griev-

ance," the employee's complaint was not a "classification" dispute—his complaint was *not* that the *position* he was filling had been improperly classified; his complaint was that his former department's executive director had failed to take steps to fulfill the express promises relating to his wage level that had been made to him.

The hearing officer concluded, therefore, that a hearing should be conducted and that the determination of the question of the nature of the relief that might be granted should await receipt of all the evidence respecting the employee's grievance.

The Board rejected the hearing officer's recommendation and denied the employee a hearing upon his grievance. In doing so, it gave no reasons for its actions in its formal order. In addition, it made no determination whether the grievance presented "valid issues" that merited a hearing under R10–4–2(A), 4 Code Colo. Reg. 801–1, or whether the circumstances justified a hearing under R10–4–1, 4 Code Colo. Reg. 801–1.

■ Because the Board failed to adopt any findings or conclusions or to give any reasons for its action, it would normally be impossible for this court to engage in any meaningful review of its order, and an order of remand by this court would be appropriate. *See Lawless v. Bach,* 176 Colo. 165, 489 P.2d 316 (1971).

Here, however, while the Board as a whole did not adopt any reason for its action, the administrative record reflects that some of the members of the Board individually stated reasons for their votes. Under these circumstances, therefore, we will consider whether any of the individual reasons stated for denying an evidentiary hearing is legally sufficient to justify the Board members' collective action.

At no point in the Board's discussion did any member suggest that the ALJ's recommendation was not supported by the materials submitted to her. Rather, the reasons given for the Board's action were that: (1) the issues involved a classification dispute that was subject to other review proceedings, (2) the employee could be granted no relief even if his allegations were established, and (3) if the employee's grievance here were sustained, it would open a "Pandora's box" of complaints by other employees.

None of these considerations justifies the Board's order of denial.

■ First, as the hearing officer concluded, the employee's grievance does not give rise to any "classification" dispute. He does not assert that the position he now occupies has been improperly evaluated so that the position itself should be upgraded. Rather, his grievance asserts that the executive director of his former department gave specific assurances to him at the time of his transfer that he would not suffer a pay reduction as a result of that transfer. He seeks to obtain relief only for himself for the breach of that promise.

■ Further, the Board committed error in concluding, before receiving a complete exposition of the history of this dispute or giving full consideration to the parties' views, that a state employee who asserts that he or she has been deceived both by the executive director of his department and by several other state officials, including the state personnel director, can obtain no relief for such deceptions. The hearing officer properly recognized that, until a full evidentiary hearing upon the underlying dispute has been held and a determination is made whether the employee's factual allegations are true, it would be premature to consider the question of the nature of the relief that should be granted.

■ Finally, we do not understand what was meant by some Board members' reference to a "Pandora's box" of employee grievances, and nothing in the record before us serves to illuminate this meaning. It is, in any event, irrelevant that other employees may also possess similar grievances, *if* those grievances are *valid.* Indeed, if the employee here proves that he was deceived by high-ranking state supervisors, public policy would be *served,* not frustrated, by encouraging other employees, similarly deceived, to come forward so that the public and the General Assembly

might be made aware of such practices. If, on the other hand, the employee does not prove his serious allegations, and consequently does not obtain any relief, such failure could serve as no encouragement for any other employee to assert a similar meritless grievance.

None of our conclusions stated here should be deemed to be an acceptance of the employee's allegations. On the contrary, we recognize that such allegations may ultimately be determined to be wholly without merit. Because the hearing officer found, based upon the information submitted to her, that the employee's allegations were facially supported, however, we conclude that the Board acted arbitrarily and capriciously within the meaning of § 24-4-106(7), C.R.S. (1988 Repl. Vol. 10A) in refusing to hold an evidentiary hearing upon those allegations.

Finally, in reaching this conclusion, we have considered the other reasons advanced before this court by the Board's counsel to uphold the Board's order. We conclude that counsel's contentions are unpersuasive, however, because: (1) they were not the reasons advanced by any Board member for the decision and (2) a proper determination of such contentions would require factual determinations that could only be made after the evidentiary hearing requested is held.

The order of the Board is reversed, and the cause is remanded to it with directions to order a full evidentiary hearing upon the employee's grievance.

PLANK and RULAND, JJ., concur.