**Norma Jean MAGGARD, Petitioner–Appellant,**

v.

**DEPARTMENT OF HUMAN SERVICES and Colorado State Veterans Home at Fitzsimons, Respondents–Appellees,**

and

**State Personnel Board, Appellee.**

**No. 09CA0210.**

Colorado Court of Appeals, Div. V.

Sept. 17, 2009.

Vonda G. Hall, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Joseph F. Haughain, Senior Assistant Attorney General, Denver, Colorado, for Respondents–Appellees Department of Human Services and Colorado State Veterans Home at Fitzsimons.

John W. Suthers, Attorney General, Roxane D. Baca, Senior Assistant Attorney General, Denver, Colorado, for Appellee State Personnel Board.

Opinion by Judge RICHMAN.

Norma Jean Maggard appeals the order of the State Personnel Board (the Board) upholding her termination by the Department of Human Services and the Colorado State Veterans Home at Fitzsimons (collectively DHS). We reverse the Board's order and remand for reinstatement of the initial decision issued by the administrative law judge (ALJ).

## I. Background

The appointing authority for DHS terminated Maggard's employment as a certified nursing assistant for failing to attend anger management classes pursuant to a corrective action; failing to submit a doctor's excuse for two absences; having an "angry, rude, and an unprofessional" interaction with an employee who maintained the schedules; and having a heated conversation with her supervisor when she was placed on administrative leave.

Maggard sought review of her termination, and the ALJ issued an initial decision. The ALJ found that Maggard committed some, but not all, of the acts for which she was disciplined, and as to the acts committed there were mitigating circumstances. The ALJ also concluded that although the appointing authority's decision to discipline Maggard was not arbitrary, capricious, or contrary to rule or law, termination was not within the reasonable range of disciplinary alternatives (conclusion 3).

DHS appealed to the Board, which adopted all of the ALJ's findings of fact and conclusions of law except for conclusion 3. Although the minutes of the Board's meeting state that there was a "discussion of the range of possible alternatives for discipline, professional behavior, progressive discipline, and witness testimony," the Board gave no explanation for rejecting the ALJ's conclusion 3 or in support of its contrary conclusion. Nevertheless, by a vote of two to one, the Board issued an order affirming Maggard's termination.

Maggard appealed to this division of the Colorado Court of Appeals in *Maggard v. Department of Human Services,* 2008 WL 3126254 (Colo.App. No. 07CA0866, Aug. 7, 2008) (not published pursuant to C.A.R. 35(f)) (*Maggard I* ). We remanded the case to the Board because, although it had the authority to substitute its own judgment for that of the ALJ, it gave no reasons for reaching a different conclusion as to the range of reasonable discipline based on the same evidentiary facts. Thus, we were unable to determine whether the Board's decision was reasonable or arbitrary and capricious. Our order remanding the case to the Board specified that the Board was to "reconsider its decision to reject conclusion 3 of the ALJ's determination, to provide reasons based on the record if it determines that termination of Maggard is warranted," and to recertify the case to this court if it orders termination.

Following remand, the Board considered two motions by its members, both of which failed to pass. The first motion was to uphold the initial decision by the ALJ in its entirety, including conclusion 3, that the discipline imposed was not within the range of reasonable alternatives. Because this determination would have modified the action of

the appointing authority, it needed three votes to pass. *See* § 24–50–103(6), C.R.S. 2008. However, the motion failed by a vote of two to two. The second motion, which failed for lack of a second, was to hold that it was arbitrary and capricious or contrary to rule or law for the appointing authority to discipline Maggard at all. Following the two ineffective votes, the Board declined to take further action, thus leaving the matter as it was before Maggard's first appeal and effectively upholding her termination. This appeal followed.

## II. Standard of Review

■ Section 24–4–106(7), C.R.S.2008, sets forth the appropriate scope of our review of the Board's action:

> If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, ... unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order or rule under review....

As we stated in *Maggard I*, the Board may substitute its own judgment for the ALJ's decision with respect to an ultimate conclusion of fact as long as the Board's finding has a reasonable basis in law. *Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1245 (Colo.2001). "A reviewing court may reverse the decision of an administrative agency if the court finds that the agency acted arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority." *Id.* at 1247.

> Capricious or arbitrary exercise of discretion by an administrative board can arise in only three ways, namely: (1) by neglecting or refusing to use reasonable diligence and care to procure such evidence as it is by law authorized to consider in exercising the discretion vested in it; (2) by failing to give candid and honest consideration to evidence before it on which it is authorized to act; or (3) by exercising its discretion in such a manner as to indicate clearly that its action is based on conclusions from the

evidence which reasonable persons fairly and honestly considering the evidence could not reach.

*Rice v. Auraria Higher Educ. Ctr.*, 131 P.3d 1096, 1100 (Colo.App.2005) (citing *Lawley*, 36 P.3d at 1252); *see also Ivy v. State Personnel Bd.*, 860 P.2d 602, 606 (Colo.App.1993) (Board acted arbitrarily and capriciously within the meaning of section 24–4–106(7) in failing to give any reasons for rejecting the hearing officer's recommendation and not holding an evidentiary hearing).

■ "The duty of a court reviewing agency action under the 'arbitrary or capricious' standard is to ascertain whether the agency *examined the relevant data and articulated a rational connection between the facts found and the decision made.*" *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir.1994) (emphasis added) (footnote omitted). To enable a court to make this analysis, the agency must "make plain its course of inquiry, its analysis, and its reasoning." *Id.* at 1575.

## III. Analysis

■ Maggard argues that the Board abused its discretion by failing to provide reasons for upholding her termination, as ordered to do by this court. Under these circumstances, we agree.

Although not cited by any of the parties, we conclude that *Rice* is analogous to this case. There, an employee who worked in the University of Colorado at Denver Media Center as a Telecommunications/Electronic Specialist II was laid off when the Media Center's functions were transferred to the Auraria Higher Education Center (AHEC). *Rice*, 131 P.3d at 1098. Although AHEC offered jobs to fourteen other laid off employees, AHEC did not consider the employee's seniority or performance evaluations as required by statutes pertaining to persons in the state personnel system, and the employee was not transferred to the AHEC Media Center. The employee appealed his termination, and the ALJ made findings of fact that supported its conclusion that AHEC's actions were arbitrary, capricious, or contrary to rule or law. *Id.* at 1099–101. The Board adopted all of the ALJ's findings of

fact and conclusions of law except for its conclusion that AHEC's actions were arbitrary, capricious, or contrary to rule or law, but failed to provide a statement of support or reasoning for its determination. *Id.* at 1101. On appeal, a division of this court determined that the evidence supported the ALJ's conclusion and that the Board's contrary conclusion had no reasonable basis in the law. *Id.* at 1103. Therefore, the division reversed the Board's order and directed it to reinstate the ALJ's order. *Id.*

In Maggard's case, the Board has twice failed to articulate an explanation for reaching a conclusion contrary to that of the ALJ. DHS argues that "[t]he lack of three votes to reverse the appointing authority is in itself the only explanation available [for the Board's action]." In making this argument, the Board relies on section 24–50–103(6), C.R.S.2008, which provides that an action of an appointing authority may be reversed or modified only if at least three members of the Board find the action to have been arbitrary, capricious, or contrary to rule or law. The Board asserts that it satisfied our remand order when it presented the matter for two votes, and both failed for want of a three-vote consensus. We are not persuaded.

■ As discussed above, the scope of our review pertains to *agency* action. *See* § 24–4–106(7). The individual votes of the members of the Board do not constitute agency actions. Rather, the outcome or effect of those votes is subject to review, whether or not the Board effectively upholds or reverses the actions of the appointing authority. *See Hussein v. Regents of Univ. of Colo.,* 124 P.3d 871, 872 (Colo.App.2005) ("In general, only a final agency action is subject to judicial review."); *see also* § 24–4–106(2), C.R.S. 2008. In addition, we must determine "whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made." *Olenhouse,* 42 F.3d at 1575 (footnote omitted) ("The agency must make plain its course of inquiry, its analysis and its reasoning.").

Here, we directed the Board to reconsider its decision to reject the ALJ's determination that termination was not within the reasonable range of alternatives and to provide reasons based on the record if it determined that the termination was warranted. *See Maggard I.* The Board's order on remand states,

[N]o more than two of the four Board members were willing to vote to overturn or modify the decision of the appointing authority. Therefore, the decision of the appointing authority stands and Complainant's termination stands.

By merely making and rejecting two motions and then asserting that procedural reasons prevented it from reversing the appointing authority's decision, the Board failed to "make plain its course of inquiry" or comply with our order directing it to give reasons for Maggard's termination. *See Olenhouse,* 42 F.3d at 1575. Thus, the Board failed to articulate a rational connection between the facts found and the decision made, and its order contains no indication that it examined the relevant data. *See id.* ("If the agency has failed to provide a reasoned explanation for its action, or if limitations in the administrative record make it impossible to conclude the action was the product of reasoned [decision making], the reviewing court may supplement the record or remand the case to the agency for further proceedings.").

On remand, had the Board voted to overturn the ALJ's conclusion, as it originally had done, it plainly would have had to give reasons for that result, as we ordered in *Maggard I.* By instead framing the motion after remand as one to "uphold" conclusion 3 rather than to reverse it, and then declaring itself at an impasse for lack of three votes, the Board simply evaded the direction of our remand order, again rejecting the ALJ's conclusion that termination was not within the reasonable range of discipline, and again providing no substantive reason for doing so.

We therefore conclude that the Board acted arbitrarily or capriciously in failing to give candid and honest consideration to the evidence before it on which it was authorized to act. *See Rice,* 131 P.3d at 1101; *Ivy,* 860 P.2d at 606.

DHS contends that *Adkins v. Division of Youth Services,* 720 P.2d 626 (Colo.App. 1986), supports its position. We disagree.

In *Adkins,* the Board's two-to-two vote resulted in the affirmance of the termination

effected by the appointing authority, even though the hearing officer concluded that dismissal was too harsh a penalty. *Id.* at 628. We are not obligated to follow *Adkins, see In re Estate of Becker,* 32 P.3d 557, 563 (Colo.App.2000) ("[W]hile divisions of this court generally have given deference to the decisions of other panels, one panel is not obligated to follow the precedent established by another."), *aff'd sub nom. In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002), and in any event, we conclude that it is not dispositive of this case for the following reasons.

First, *Adkins* does not stand for the proposition that the Board can reject an ALJ's conclusions without a reasonable basis in the law. Although we do not have the record in that case before us, it does not appear that the Board rejected a conclusion of the ALJ without explanation; rather, it appears that the Board gave reasons for its affirmative findings as to the ultimate facts. *Adkins,* 720 P.2d at 628 ("Here, the Board found that, based upon the evidentiary facts as found by the hearing officer, Adkins'[s] termination was within the range of alternatives available to a reasonable and prudent administrator."). Second, unlike the case here, the Board in *Adkins* was not reconsidering an order on remand from a division of this court with explicit directions to reconsider and provide reasons for one of its conclusions.

We conclude that the record as a whole supports the ALJ's finding that termination was not within the reasonable range of discipline alternatives available to the appointing authority, and that the Board acted capriciously or arbitrarily by failing to give candid and honest consideration to evidence before it or provide an explanation for its conclusion that was contrary to the ALJ's.

Therefore, the order of the Board upholding Maggard's termination is reversed, and the case is remanded with directions to reinstate the initial decision of the ALJ.

Judge DAILEY and Judge GRAHAM concur.