COLORADO DEPARTMENT OF HUMAN SERVICES, State Veterans Home at Fitzsimons, and Colorado State Personnel Board, Petitioners

v.

Norma Jean MAGGARD, Respondent.

No. 09SC910.

Supreme Court of Colorado, En Banc.

Feb. 7, 2011.

Rehearing Denied Feb. 28, 2011.

John W. Suthers, Attorney General, Joseph F. Haughain, Senior Assistant Attorney General, Civil Litigation and Employment Law Section, Denver, Colorado, Attorneys for Petitioner Department of Human Services.

John W. Suthers, Attorney General, Roxane D. Baca, Senior Assistant Attorney General, Kris A. Gomez, Assistant Attorney General, Business and Licensing Section, Denver, Colorado, Attorneys for Colorado State Personnel Board.

Vonda G. Hall, Denver, Colorado, Attorney for Respondent.

Chief Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this appeal, we review the second of two court of appeals' opinions that reviewed a decision of the Colorado State Personnel Board (Board) upholding the termination of Respondent Norma Jean Maggard by the appointing authority of the Colorado Department of Human Services, State Veterans Home at Fitzsimons (appointing authority). *Maggard v. Dep't of Human Servs. (Maggard II)*, 226 P.3d 1209 (Colo.App.2009). The Board had adopted the findings of fact made by an administrative law judge (ALJ) in an evidentiary hearing resulting from Maggard's appeal to the Board; however, the Board rejected the ALJ's conclusion of law that Maggard's termination was not within the range of reasonable disciplinary alternatives available to the appointing authority and upheld Maggard's termination. Maggard appealed the Board's decision to the court of appeals, and in an unpublished decision, the court of appeals held that the Board failed to provide an explanation why it substituted its judgment for that of the ALJ and, therefore, that the court could not determine whether the Board's decision was reasonable. *Maggard v. Dep't of Human Servs. (Maggard I)*, 07CA0866, slip op., 2008 WL 3126254 (Colo.App. Aug. 7, 2008) (not selected for official publication). It remanded the case to the Board with directions to reconsider its decision to substitute its judgment for the ALJ's and to provide reasons based on the record if it determined that termination was warranted.

On remand, by a vote of two to two, the Board upheld its decision to substitute its judgment for that of the ALJ and uphold Maggard's termination by the appointing authority. Maggard again appealed to the court of appeals, and in *Maggard II*, the court of appeals held that the Board acted capriciously or arbitrarily by failing to give candid and honest consideration to the evidence before it and failing to provide an explanation for its conclusion that was contrary to that of the ALJ.

We review only the court of appeals' opinion in *Maggard II*. We agree fully with the Board's reasoning and disagree with the court of appeals' decision to reverse the Board. Specifically we hold that: (1) the Board acted properly in upholding Maggard's termination because it lacked the three votes necessary to overturn the appointing authority's decision and (2) the Board's decision to uphold Maggard's termination is neither arbitrary nor capricious and is supported by the record. Accordingly, we reverse the court of appeals and reinstate the Board's termination order.

## II. Facts and Proceedings Below

DHS employed Maggard as a certified nursing assistant at the Colorado State Veterans Home at Fitzsimons. On January 3, 2006, the appointing authority of DHS terminated Maggard stating that her actions constituted a "failure to perform competently, willful misconduct and a willful failure to perform." In the written termination notice, the appointing authority set forth actions

which the appointing authority found to justify termination: (1) Maggard's failure to complete anger management classes as ordered by an August 24, 2005 corrective action for comments she made in front of patients and for yelling and shaking her finger in the face of the assistant director of nursing; (2) Maggard's failure to submit a doctor's note for absences on November 28 and 29, 2005, relating to a sore tooth; (3) Maggard's November 30, 2005 interaction with her scheduler, during which Maggard spoke in an angry, rude, and loud voice about her decision not to attend the anger management class; and (4) Maggard's December 1, 2005 interaction with the facility's assistant director of human resources, in which Maggard said she was "sick of this shit" after the assistant director placed her on administrative leave.

In reaching the decision to terminate Maggard, the appointing authority also considered that Maggard had a prior memorandum in her file about angry outbursts, that she had received a low rating of "1" in her April 2005 performance review for her ability to resolve conflicts, and that the facility had made prior attempts to assist her in avoiding angry outbursts by having her attend a conflict resolution class and an anger management class.

Maggard appealed her termination by the appointing authority to the Board. The Board appointed an ALJ to conduct a hearing on its behalf. § 24–50–125.4(3), C.R.S. (2010). After an administrative hearing, the ALJ issued an initial decision. The ALJ found that Maggard committed some, but not all, of the acts for which she was disciplined by the appointing authority and that, as to some of the acts committed, there were mitigating circumstances that did not excuse her conduct but made it more explicable. Specifically, the ALJ found conflicting evidence as to whether Maggard was required to submit a doctor's note for her absences on November 28 and 29. The ALJ also found that Maggard was loud, rude, and angry in her interactions with her scheduler and with the facility's assistant director of human resources but that DHS had not proven that the incidents were as serious as initially alleged. As to all other allegations, the ALJ

affirmed the facts alleged by the appointing authority.

Given these findings, the ALJ stated that Maggard is an employee who has had problems with loud and intemperate comments while at work but that she is learning to tone down her comments and that the actions for which she was terminated were not of the magnitude of prior actions for which she was disciplined. After discussing its findings of fact, the ALJ entered four conclusions of law: (1) Maggard committed some, but not all, of the acts for which she was disciplined; (2) the appointing authority's action in disciplining Maggard was not arbitrary, capricious, or contrary to rule or law; (3) termination was not within the range of reasonable alternatives; and (4) attorney's fees were not warranted. Therefore, the ALJ overturned Maggard's termination and ordered the appointing authority to reinstate her.

DHS appealed the ALJ's decision to the Board. On appeal from the ALJ, the Board considered the entire record, including the initial decision of the ALJ and briefing by the parties. By a vote of two to one, the Board adopted all of the ALJ's findings of fact and conclusions of law except for Conclusion 3 that termination was not within the range of reasonable disciplinary alternatives. The Board stated that, based on its review and consideration of the record, it decided to reverse the ALJ's Conclusion 3, and it issued an order upholding the appointing authority's decision to terminate Maggard.

Maggard appealed the Board's decision to the court of appeals, and, in an unpublished decision, the court reversed the Board. *Maggard I*, 07CA0866, slip op. at 10. In *Maggard I*, the court of appeals determined that the Board had the authority to substitute its own judgment for that of the ALJ on an ultimate conclusion of fact so long as the Board's finding had a reasonable basis in law. *Id.* at 7–8. However, the court held that, because the Board gave no reasons for overturning the ALJ's Conclusion 3, it could not decide whether the Board's decision to reverse Conclusion 3 was reasonable. *Id.* at 9. The court of appeals therefore remanded the case to the Board, instructing it to reconsider its decision to reject Conclusion 3 and to

provide reasons based on the record if it decided to uphold Maggard's termination. *Id.*

On remand, the Board upheld its decision to reject the ALJ's Conclusion 3 that termination was beyond the range of reasonable disciplinary alternatives available to the appointing authority. At the Board's meeting, the Board considered the record on appeal and, based on the record, took the following two actions. By a vote of two to two, it rejected a motion to uphold the entirety of the ALJ's decision, including Conclusion 3 that termination was beyond the range of reasonable disciplinary alternatives. It also rejected a second motion, which would have held that the action of the appointing authority was arbitrary and capricious, because no member of the Board offered to second the motion.

In its second order upholding Maggard's termination, the Board explained its reasoning as to its decision to reject both motions. The Board reasoned that, to overturn or modify the action of the appointing authority, section 24–50–103(6), C.R.S. (2010) requires at least three Board members to find that the action was "arbitrary, capricious, or contrary to rule or law." Because "no more than two of the four Board members were willing to vote to overturn or modify the decision of the appointing authority[,] . . . the decision of the appointing authority stands and Complainant's termination stands."

Maggard again appealed to the court of appeals. *Maggard II*, 226 P.3d at 1209. Reasoning that the Board in its second order failed to articulate its basis for upholding Maggard's termination, the court of appeals in *Maggard II* reversed the Board and remanded the case with instructions to reinstate the initial decision of the ALJ. *Id.* at 1213–14. It concluded that "the record as a whole supports the ALJ's finding that termination was not within the reasonable range of discipline alternatives available to the appointing authority" and that the Board acted "capriciously or arbitrarily by failing to give candid and honest consideration to evidence

before it or provide an explanation for its conclusion that was contrary to the ALJ's." *Id.* at 1214.

The Board and DHS then petitioned this court, and we granted certiorari.[1]

### III. Analysis

In this case, we must address whether the court of appeals erred when it reversed the Board's decision to uphold the appointing authority's action terminating Maggard and reinstated the ALJ's initial decision that termination was not within the range of reasonable disciplinary alternatives. The Board and DHS make two arguments as to why the court of appeals erred. First, they argue that substantial evidence in the record supports the Board's decision to uphold Maggard's termination. Second, they assert that, by statute, the Board could not reverse or modify the action of the appointing authority unless three members of the Board voted to do so. Because no more than two members of the Board voted to overturn the appointing authority's decision to terminate Maggard, the appointing authority's action had to stand as a matter of law. Supporting the court of appeals opinion, Maggard contends that the Board failed to adequately explain its reasons for upholding the appointing authority's decision to terminate Maggard and, thus, that the Board's decision was arbitrary and capricious, an abuse of discretion, and contrary to law.

Upon review, we agree with the Board and DHS. First we set forth the law applicable to employee discipline within the state personnel system, focusing first on the administrative appeals process and then on the standard for judicial review of a Board decision. Next we consider the evidence in the record supporting the Board's decision to reverse the ALJ's Conclusion 3. We conclude both that the Board acted properly in upholding Maggard's termination because it lacked the three votes necessary to overturn the appointing authority's decision and that the Board's decision to uphold Maggard's termi-

---

1. We granted certiorari on the following issue: Whether the court of appeals erred in reversing the State Personnel Board's decision up-

holding the termination of Respondent's employment and directing the Personnel Board to reinstate the initial decision of the ALJ.

nation is neither arbitrary nor capricious and is supported by the record.

### A. Law Applicable to the State Personnel System

Certified state employees have a property interest in their positions and may only be disciplined by an appointing authority for just cause. *See* Colo. Const. art. XII, §§ 13–15; § 24–50–125(1), C.R.S. (2010). Cause for discipline, including dismissal, by an appointing authority includes the following: (1) failure to comply with standards of efficient service or competence, (2) willful misconduct, (3) willful failure to perform the employee's duties, and (4) inability to perform the employee's duties. § 24–50–125(1).

An employee in the state personnel system who has been subjected to discharge or other discipline by an appointing authority may petition the Board for a hearing to review the action of the appointing authority. § 24–50–125(3), C.R.S. (2010). A hearing officer or ALJ may conduct the hearing for the Board and render an initial decision consisting of written findings of fact and conclusions of law affirming, modifying, or reversing the appointing authority's action. §§ 24–50–125(4), –125.4(3); *Dep't of Insts. v. Kinchen*, 886 P.2d 700, 705 (Colo.1994).

■ After the ALJ issues an initial decision, either party may appeal to the Board to modify the decision. § 24–50–125.4(4), C.R.S (2010); *Kinchen*, 886 P.2d at 706. The Board reviews the ALJ's decision under the standards set forth in section 24–4–105(15)(b), C.R.S. (2010). Under that statute, the Board may not set aside an ALJ's finding of evidentiary fact unless it is contrary to the weight of the evidence, and the Board must defer to the ALJ's assessment of the credibility of the testimony and the weight to be given to the evidence. *Id.*; *Koinis v. Colo. Dep't of Pub. Safety*, 97 P.3d 193, 195 (Colo.App.2003). However, the Board may substitute its own judgment for the ALJ's decision with respect to an ultimate conclusion of fact as long as the Board's conclusion has a reasonable basis in law. *Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1245 (Colo.2001). Although the distinction between the two is not always clear,

"evidentiary facts generally include the detailed factual or historical findings on which a legal determination rests[,]" while ultimate conclusions of fact generally "involve conclusions of law, or at least mixed questions of law and fact, and often settle the rights and liabilities of the parties." *Id.*

Also limiting the Board's ability to affirm or reverse conclusions of the ALJ is section 24–50–103(6). That statute mandates that, when rendering its decision on a case, the Board may reverse or modify an action of an appointing authority only if "at least three members of the board find the [appointing authority's] action to have been arbitrary, capricious, or contrary to rule or law." § 24–50–103(6); *Kinchen*, 886 P.2d at 705–06. A tie vote precludes the Board from modifying or reversing the appointing authority's decision. *Adkins v. Div. of Youth Servs.*, 720 P.2d 626, 629 (Colo.App.1986). Therefore, under this rule, the Board may uphold a conclusion of the ALJ that modifies or reverses the action of the appointing authority only if three of the Board members vote to uphold that conclusion. *See* § 24–50–103(6); *Adkins* 720 P.2d at 629.

■ The standards set forth in section 24–4–106(7), C.R.S. (2010) govern judicial review of the Board's decision. That statute provides that an appellate court may reverse an administrative agency if it finds that the agency acted arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority. *Id.* Where the challenge is to the Board's resolution of an ultimate conclusion of fact, a reviewing court must determine whether the record contains sufficient evidence showing a reasonable basis in law for the Board's conclusion. *See Lawley*, 36 P.3d at 1252; *Koinis*, 97 P.3d at 195. If the reviewing court finds that sufficient evidence supports the Board's conclusion, then the Board's action is not an abuse of discretion, and the court may not reverse it. *See Lawley*, 36 P.3d at 1252. In reviewing the Board's decision, courts should give deference to the Board because it is a constitutionally created state agency with considerable expertise in personnel matters, and courts should resolve all reasonable doubts

as to the correctness of the Board's decision in the Board's favor. *Lawley*, 36 P.3d at 1252–53.

## B. Application of the Law to This Case

■ On remand from *Maggard I*, the Board decided, by a vote of two to two, to reverse the ALJ's Conclusion 3, that termination was not within the range of reasonable disciplinary alternatives, and thus to uphold the appointing authority's decision to terminate Maggard. Whether termination was within the range of reasonable disciplinary alternatives available to the appointing authority involves a conclusion of law and settles the rights and liabilities of the parties. Thus, whether the appointing authority's termination of Maggard was within the range of reasonable disciplinary alternatives is an ultimate conclusion of fact. Because it was reviewing an ultimate conclusion of fact, the Board had the authority to substitute its own judgment for the ALJ's decision so long as sufficient evidence in the record shows that the Board's conclusion had a reasonable basis in law. The Board did not need the votes of three Board members to overturn the ALJ's Conclusion 3 because, by reversing the ALJ, it upheld the decision of the appointing authority.

The record in *Maggard II* supports a reasonable basis in law for the Board's conclusion that termination was within the range of reasonable disciplinary alternatives. When the Board reconsidered its decision on remand from *Maggard I*, it considered a motion to uphold the ALJ's decision in its entirety, including Conclusion 3. This motion would have reversed the appointing authority's decision to terminate Maggard, thus it required at least three votes to pass pursuant to section 24-50-103(6). Because the Board did not muster the required three votes, but split two to two, the Board could not and did not reverse Maggard's termination. It upheld Maggard's termination, reasoning that it lacked the statutory mandate to overturn a decision of the appointing authority unless three Board members voted to do so and explaining that no more than two members of the Board were willing to vote to overturn the termination.

■ Based on our review of the record in this case, substantial record facts support the Board's decision to uphold Maggard's termination, including: (1) Maggard's history of making loud and intemperate comments at work and of conflict with those she worked with; (2) Maggard's low rating of "1" in her April 2005 performance review for her ability to resolve conflict; (3) Maggard's failure to complete anger management classes; and (4) Maggard's hostile interactions with her scheduler and with the facility's assistant director of human resources. The Board, relying on this evidence, could properly determine that the appointing authority's decision to terminate Maggard was not arbitrary, capricious, or contrary to rule or law. Because the record supports this determination and because a reviewing court should give deference to the Board's conclusions, we will not disturb it on review.

In sum, we agree fully with the Board's reasoning and disagree with the court of appeals' decision to reverse the Board. Specifically we hold that: (1) the Board acted properly in upholding Maggard's termination because it lacked the three votes necessary to overturn the appointing authority's decision and (2) the Board's decision to uphold Maggard's termination is neither arbitrary nor capricious and is supported by the record. Consequently, the Board's decision to uphold Maggard's termination stands.

## IV. Conclusion

For the reasons stated above, we reverse the court of appeals and reinstate the order of the Board terminating Maggard.

Justice MÁRQUEZ does not participate.