**KANTARA, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**The STATE of Colorado; the Colorado Department of Revenue; and the Liquor Enforcement Division of the Colorado Department of Revenue, Defendants–Appellees.**

No. 98CA0428.

Colorado Court of Appeals, Div. V.

Oct. 28, 1999.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1999.

Dill, Dill, Carr, Stonbraker & Hutchings, P.C., Patrick D. Tooley, Jon Stonbraker, Denver, Colorado, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge PIERCE*.

Plaintiff, Kantara, Inc., a Colorado corporation, appeals from the district court's affirmance of a final order entered by the Deputy Director of the Department of Revenue (Deputy) suspending its hotel and restaurant liquor license for four months, with three months held in abeyance. We reverse and remand for further proceedings.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Plaintiff holds a hotel and restaurant liquor license issued by both the state and the City and County of Denver. Section 12–47–411(1)(a), C.R.S.1999, requires hotel and restaurant licensees to earn "not less than twenty-five percent of the gross income from sales of food and drink" from the sale of meals (the 25% requirement). Under § 12–47–411(5), C.R.S.1999, licensees are also required to maintain "a bona fide restaurant business and not a mere pretext of such."

Here, the Department of Revenue issued an order to show cause alleging that plaintiff had failed to comply with both provisions. After a hearing, the Deputy found that plaintiff had violated both subsections. Thereafter, plaintiff filed a complaint seeking, *inter alia*, a stay of agency action, and a reversal of the Deputy's ruling. Ultimately, the court stayed the agency action pending appeal.

## I.

Plaintiff contends that the Deputy incorrectly excluded certain food sales from the monthly food total, thus inappropriately deflating the food percentage below the 25% requirement. We conclude that remand is necessary to resolve this contention.

At the hearing, the state presented the testimony of a certified public accountant to the effect that plaintiff fell short of the 25% requirement, regardless of whether the proceeds from an Easter brunch were included. Plaintiff, however, presented the testimony of a certified public accountant to the effect that, if the brunch proceeds were included in the food totals, it met the 25% requirement.

Rather than expressly accepting or rejecting either scenario, however, the Deputy found that Department of Revenue Regulation No. 47–119.1(C), 1 Code. Colo. Reg. 203–2 (now codified as Regulation 47–418(C)) precluded the inclusion of the proceeds from the brunch in the food totals. Based on this premise, the Deputy found that, even when the evidence was looked at in a light most favorable to the plaintiff, it had not complied with the 25% requirement.

and § 24–51–1105, C.R.S.1999.

■ On appeal, plaintiff contends that, contrary to the Deputy's interpretation of it, the regulation mandates the inclusion of the brunch proceeds in the food totals. We agree.

The regulation at issue provides:

The service or sale of spirituous liquors in restaurants obtaining prepared meals from sources other than facilities under the exclusive management and control of the licensee shall also be considered a violation of this regulation.

At the hearing, plaintiff's owner testified that he had rented special equipment in preparation for the brunch and had hired his sister to prepare the food. With the exception of two menu items, however, all the food was prepared on the premises.

Based on these facts, the Deputy concluded that plaintiff had:

contracted with [the owner's] sister for the preparation of the meal and although she used his facilities, they were not under [plaintiff's] control, but under the control of [the] sister, an independent, though on-site, contractor.

We conclude, however, that the sister's status as an independent contractor was not sufficient to divest plaintiff of the "exclusive management and control" of its own facility. Thus, contrary to the Deputy's conclusion, the regulation required the inclusion of the brunch proceeds in the food totals.

In light of this conclusion, the analysis hinges on the factual issue of whether to credit the evidence that plaintiff still fell short of the 25% requirement, or plaintiff's evidence that, after considering the brunch proceeds, it had complied with the 25% requirement. We remand for a resolution of this issue.

## II.

Plaintiff also contends that the Deputy erred in concluding that it had violated the requirement, contained in § 12–47–411(5), C.R.S.1999, that it maintain a "bona fide restaurant business and not a mere pretext of such." We agree.

As an initial matter, to the extent that the Deputy's finding on this issue was based on a violation of the 25% requirement, as discussed above, remand is necessary.

Alternatively, however, the Deputy's conclusion that plaintiff violated this subsection was based on her finding that plaintiff's facility did not provide sufficient tables to serve food. Specifically, the Deputy found that, absent "seating in a restaurant environment," the establishment "did not meet a reasonable man standard of what would constitute a conventional restaurant operation." Thus, the Deputy concluded that plaintiff had "failed to comply with the intent of the statute and continues to operate a bar facility under the pretext of a restaurant license."

■ First, the statute does not impose a "reasonable man standard of what constitutes a conventional restaurant." Thus, this finding does not support the conclusion that plaintiff failed to maintain a bona fide restaurant.

■ The only remaining facts cited in support of the conclusion that plaintiff failed to maintain a bona fide restaurant was the relative lack of tables and the late hours of operation. The Colorado Liquor Code, however, in § 12–47–103(30), C.R.S.1999, sets out the following definition:

'Restaurant' means an establishment ... provided with special space, sanitary kitchen and dining room equipment, and persons to prepare, cook, and serve meals, where, in consideration of payment, meals, drinks, tobaccos, and candies are furnished....

Department of Revenue Regulation No. 47–119.1(B), 1 Code Colo. Reg. 203–2 (now codified as Regulation 47–418(B)) also provides operational requirements for restaurants. Specifically, it requires that a restaurant:

maintain on the premises adequate personnel, foodstuffs and other necessary facilities, equipment and supplies for the preparation and serving of meals as defined by 12–47–103(20), [C.R.S.1999]....

No mention of table requirements or hours of operation is made in either the statute or the regulation. Indeed, the requirement of

tables and seating was excluded from the statutory definition many years ago. *See Denver v. Gushurst,* 120 Colo. 465, 210 P.2d 616 (1949)(quoting the precursor to the Colorado Liquor Code's definition of "restaurant" to include seating requirements).

Thus, a finding of limited tables cannot support a conclusion that plaintiff was not a bona fide restaurant. Further, the Deputy found that plaintiff "probably fulfilled the technical requirements of a restaurant business." Thus, the facts found by the Deputy are insufficient to support a finding that plaintiff did not maintain a bona fide restaurant.

 Finally, § 12–47–411(5), C.R.S.1999, states:

> It is the intent of this section to require hotel and restaurant licensees to maintain a bona fide restaurant business and not a mere pretext of such for obtaining a hotel and restaurant license.

Rather than establishing independent requirements, this section contains only a statement of intent as to what a restaurant should normally provide. Thus, the Deputy's finding that plaintiff "failed to comply with the intent of the statute and continues to operate a bar facility under the pretext of a restaurant license" can not stand.

### III.

Next, plaintiff contends that § 12–47–411 violates the constitutional prohibition against special legislation. We do not reach this issue.

 Generally, an administrative agency is not authorized to decide a challenge to the constitutionality of a statute on its face. It may, however, address whether an otherwise constitutional statute has been unconstitutionally applied. *See Horrell v. Department of Administration,* 861 P.2d 1194 (Colo.1993).

 Here, plaintiff is not asserting that § 12–47–411 is unconstitutional on its face. Accordingly, he was required to raise his as applied challenge before the deputy. *See Moses v. Diocese of Colorado,* 863 P.2d 310 (Colo.1993). Because he did not do so, he did not exhaust his administrative remedies with

respect to this issue, and we do not have jurisdiction to consider it. *See Horrell v. Department of Administration, supra.*

The judgment affirming the agency's order is reversed, and the cause is remanded for further proceedings.

Judge TAUBMAN and Judge ROY concur.