25CA1048 Strumpf v Dept of Corrections 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1048
State Personnel Board No. 2025S48

Eric Strumpf,

Complainant-Appellant,

v.

Department of Corrections,

Respondent-Appellee,

and

State Personnel Board,

Appellee.

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Eric Strumpf, Pro Se

Philip J. Weiser, Attorney General, Dominick D. Schumacher, Assistant
Attorney General, Denver, Colorado, for Respondent-Appellee

No Appearance for Appellee

¶ 1    Eric Strumpf, a former employee of the Colorado Department of Corrections (DOC), raised several claims before the Colorado State Personnel Board (Board) challenging DOC's failure to respond to his requests for information about employment reinstatement options. The Board dismissed his administrative complaint, and Strumpf appeals. We affirm.

## I.    Background

¶ 2    While serving as DOC's Director of Budget and Business Operations, Strumpf took an extended leave and exhausted all his paid leave, short term disability benefits, and benefits under state and federal leave programs. In May 2024, DOC discharged him pursuant to regulations promulgated by the Board (Board Rules) that allow state agencies to administratively discharge employees who exhaust all paid leave and are unable to return to work. *See* Dep't of Pers. & Admin. Rule 5-6, 4 Code Colo. Regs. 801-1. One provision of the Board Rules provides that "[a] certified employee who has been discharged under this rule and subsequently recovers has reinstatement privileges." *Id.* at Rule 5-6(C) (Board Rule 5-6(C)). The notice effectuating Strumpf's discharge indicated that he

1

was "entitled to be considered for reinstatement when [he] [was] able to return to work."

¶ 3    In late May 2024, Strumpf challenged his discharge. The Board affirmed DOC's decision, and Strumpf appealed. A different division of this court recently reversed the Board's order and remanded the case with directions. *See Strumpf v. Dep't of Corr.*, (Colo. App. No. 25CA0543, Feb. 12, 2026) (not published pursuant to C.A.R. 35(e)).

¶ 4    In December 2024, Strumpf sent several emails to DOC officials requesting information about reinstatement. He said he wanted to "explore reinstatement options" and asked for the procedure and opportunities. DOC never responded, so in January 2025, he filed a second complaint with the Board.[1]

¶ 5    Strumpf primarily took issue with DOC's lack of response; he did not explicitly request reinstatement and even wrote that he "no longer believe[d] reinstatement is a healthy option." He alleged that DOC violated the Colorado Anti-Discrimination Act (CADA), §§ 24-

---

[1] Although the Board calls this type of dispute an appeal, we refer to Strumpf's initial appeal as a complaint to avoid confusion with the multiple appeals discussed here.

34-401 to -408, C.R.S. 2025, on the basis of disability and because "DOC's refusal to respond to [his] reinstatement requests despite [the] Board Rule directing [DOC] to grant reinstatement is clear retaliation" for Strumpf's challenge to his termination.

¶ 6    The Board referred the matter to an administrative law judge (ALJ) who asked the parties to explain whether the Board had jurisdiction over Strumpf's complaint.  After the parties responded, the ALJ dismissed the complaint, concluding that the Board lacked jurisdiction over his claims because Strumpf had not "applied for a position or participated in a selection process" and because there was no legal authority requiring automatic reinstatement upon request.  Strumpf appealed the ALJ's order to the Board, and the Board affirmed.[2]

¶ 7    Strumpf now appeals, arguing that the dismissal was improper, the Board should have referred his complaint to the Colorado Civil Rights Division (CCRD), and the Board's transcript requirements

---

[2] The Board apparently discussed Strumpf's appeal of the ALJ's order at a May 20, 2025, meeting.  However, a transcript of this meeting is not in the record before us.

3

violated his due process rights.  He also asks us to provide direct relief rather than remanding the case to the Board.

## II.  The Dismissal Order

¶ 8    Strumpf argues that the ALJ erred by concluding that the Board lacked jurisdiction to review his complaint.[3]  And he argues that DOC's silence in response to his reinstatement inquiries violated CADA.  He also contends that DOC's lack of response to his reinstatement requests violated the Board Rules.  We conclude that the ALJ's jurisdictional analysis was misguided.  However, because we conclude that Strumpf failed to allege discriminatory or retaliatory conduct under CADA, we affirm.  And to the extent that Strumpf argued — separately from his CADA allegations — that DOC violated the Board Rules, we conclude that the Board lacked authority to consider those arguments.

### A.  Standard of Review

¶ 9    "We review an administrative agency's decision for an abuse of discretion" and will uphold the decision unless "the agency acted

---

[3] Strumpf appeals the Board's order affirming the ALJ's order, but we primarily refer to the ALJ's order because the Board's order affirmed without discussion or analysis.

arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority." *Gieck v. Off. of Info. Tech.*, 2020 COA 81, ¶ 12 (quoting *Colo. Dep't of Hum. Servs. v. Maggard*, 248 P.3d 708, 712 (Colo. 2011)). When there is a question of jurisdiction that does not involve a factual dispute, we review the agency's statutory interpretation de novo. *Id.* at ¶¶ 12-13.

¶ 10 We affirm an agency's decision if, viewed in a light most favorable to the agency, there is a reasonable basis and substantial evidence for its decision. *Rags Over the Ark. River, Inc. v. Colo. Parks & Wildlife Bd.*, 2015 COA 11M, ¶ 54. We also apply the harmless error rule to administrative decisions and will not reverse unless the appellant shows that he was prejudiced because the agency's error affected the outcome of the proceedings. *Id.* at ¶ 65.

B. The Board's Jurisdiction or Authority

¶ 11 We first reject the ALJ's and DOC's suggestion that Strumpf's complaint was untimely because he filed it more than ten days after his administrative discharge. The filing deadline for discrimination complaints is "within ten days of the alleged practice," § 24-50-125.3, C.R.S. 2025, but the alleged practice here was not Strumpf's

termination; it was DOC's nonresponse. Moreover, it is difficult to discern when a nonresponse occurs for purposes of this filing deadline. *See Ward v. Dep't of Nat. Res.*, 216 P.3d 84, 92 (Colo. App. 2008) ("[A]ny date when the [agency] engaged in the discriminatory practice was too difficult to discern for purposes of" section 24-50-125.3's deadline.).

¶ 12　We next consider the ALJ's conclusion that the Board lacked authority to review Strumpf's complaint because the Board may only review claims from "persons who are employed in, or applicants to, the state personnel system." Because Strumpf was no longer a DOC employee and did not participate in an employment selection process, the ALJ concluded that he was not an applicant or employee. This interpretation was too narrow.

¶ 13　First, the ALJ's suggestion that the Board has authority only over *current* employees or applicants is not entirely accurate. *See* § 24-50-125(2)-(3), C.R.S. 2025 (allowing appeals from employees who have been dismissed); *Ward*, 216 P.3d at 90-91 (considering an appeal from a former employee alleging discrimination under section 24-50-125.3). Second, the ALJ's discussion of the selection process under section 24-50-112.5(4), C.R.S. 2025, was irrelevant

6

to Strumpf's dispute under section 24-50-125.3, which states that "[a]n applicant or employee who alleges discriminatory or unfair employment practices" under CADA may file a complaint with the Board. The latter section "empowers the Board to review appeals — including those by nonemployees — for allegedly discriminatory action." *Williams v. Dep't of Pub. Safety*, 2015 COA 180, ¶¶ 28, 42-73 (addressing a former employee's claim that he was denied reinstatement for discriminatory reasons).

¶ 14    The statute's reference to applicants is not so rigid as to exclude those inquiring about a position. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365-66 (1977) ("When a person's desire for a job is not translated into a formal application solely because of his unwillingness to engage in a futile gesture he is as much a victim of discrimination as is he who goes through the motions of submitting an application."). Here, Strumpf sent multiple emails concerning his reinstatement options. We think this is sufficient to qualify him as an applicant for purposes of the Board's authority. *See* DOC Admin. Reg. 1450-09, attach. C (DOC's reinstatement request form states: "I understand that it is my responsibility to

directly contact appointing authorities regarding reinstatement opportunities.").

¶ 15    Next, the ALJ found that the Board lacked jurisdiction because no legal authority requires automatic reinstatement. DOC relies heavily on this reasoning. But we think DOC and the ALJ misconstrued the issue. Contrary to the ALJ's suggestion, DOC never directly denied a reinstatement request.[4] Instead, DOC failed to respond to Strumpf, which is what he has consistently challenged.

¶ 16    Therefore, the question was not whether DOC was obligated to reinstate him but whether it was obligated to *respond.* Moreover, even absent a reinstatement *obligation,* denying reinstatement could violate CADA. *See Williams,* ¶¶ 42-73 (affirming an ALJ's determination that denying a reinstatement request violated CADA). The ALJ appears to have overlooked this. However, because we conclude that Strumpf failed to allege facts constituting discrimination, we conclude that the ALJ's decision to dismiss his complaint was supported by substantial evidence. *See Rags,* ¶ 54.

---

[4] This suggestion also undermines the ALJ's "applicant" analysis by suggesting that Strumpf applied for reinstatement and was denied.

8

## C. CADA Discrimination and Retaliation

¶ 17 Strumpf's complaint alleged unlawful retaliation under CADA and made conclusory allegations of discrimination on the basis of disability.

¶ 18 CADA prohibits discriminating against employees on the basis of disability. *See* § 24-34-402, C.R.S. 2025. A prima facie discrimination claim "requires proof that (1) the employee belongs to a protected class; (2) the employee was qualified; (3) despite being qualified, the employee suffered adverse employment action; and (4) the circumstances give rise to an inference of discrimination based on membership in the protected class." *Williams*, ¶ 45.

¶ 19 With respect to Strumpf's disability discrimination claim, neither his complaint nor his appellate briefs describe his disability, discuss whether he recovered sufficiently to resume working, or explain how DOC's nonresponse constituted disability-based discrimination. Beyond checking a box titled "disability" in the section of his complaint alleging a CADA violation and stating that he was *terminated* due to disability discrimination, Strumpf's complaint did not discuss disability discrimination as it related to DOC's failure to respond. And, as discussed below, he failed to

show that DOC's nonresponse was an adverse employment action. Therefore, he did not adequately allege disability discrimination under CADA. *See id.*

¶ 20 CADA also prohibits retaliation against individuals who oppose an unfair or discriminatory employment practice. § 24-34-402(1)(e)(IV). A prima facie retaliation claim requires evidence that (1) an individual engaged in protected opposition to discrimination; (2) the individual suffered an adverse action by the employer; and (3) there was a causal connection between the protected conduct and the adverse action. *Smith v. Bd. of Educ.*, 83 P.3d 1157, 1162 (Colo. App. 2003). While *Smith* involved federal law, we may rely on its analysis because CADA's language is largely similar to Title VII of the Civil Rights Act of 1964. *See Colo. Civ. Rts. Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 399 (Colo. 1997); *see also* Dep't of Pers. & Admin. Rule 9-4, 4 Code Colo. Regs. 801-1 (the Board may consider state and federal law to assess discrimination claims).

¶ 21 Strumpf argues that DOC's nonresponse was retaliation for challenging his administrative discharge. Even if this challenge reflected protected activity, he has not sufficiently alleged an adverse employment action. *See Smith*, 83 P.3d at 1162. "Adverse

employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Churchill v. Univ. of Colo.*, 293 P.3d 16, 34 (Colo. App. 2010), *aff'd on other grounds*, 2012 CO 54; *see* § 24-34-402(1)(a)(I). But "[t]he lack of a response does not amount to an adverse employment action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000); *Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 373 (6th Cir. 2013) ("[A] failure to communicate does not constitute an adverse employment action.").

¶ 22 Additionally, the almost seven months between Strumpf's May 2024 challenge to his termination and DOC's nonresponse to his December 2024 emails fails to establish causation. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (for temporal proximity to establish retaliatory motive, the adverse action must be "*very closely* connected in time to the protected activity," and "a three-month period, standing alone, is insufficient to establish causation").

¶ 23 Therefore, although we reject the ALJ's conclusion that the Board lacked jurisdiction to consider Strumpf's complaint, we may "affirm on any ground supported by the record." *Taylor v. Taylor*,

2016 COA 100, ¶ 31.  And because Strumpf failed to state facts sufficient to allege a CADA violation, we conclude that the record supports the dismissal order.  *See Rags*, ¶ 54.

### D.    DOC's Violation of Board Rules

¶ 24    Strumpf's complaint and appeal also seem to generally allege that, separate from his CADA claims, DOC violated the Board Rules.[5]  For example, his complaint argued that DOC violated Board Rule 5-6(C) by failing to respond to his requests.  On appeal, he contends that, even if reinstatement is not mandatory, DOC violated the Board Rules by ignoring his inquiries.  In support, he argues that agencies are bound by their own regulations.  *See, e.g.*, *Rags*, ¶ 25 ("Upon enacting regulations, an agency is bound by them."); *see also* Dep't of Pers. & Admin. Rule 1-11, 4 Code Colo. Regs. 801-1 (appointing authorities are bound by the Board Rules).

¶ 25    DOC is bound by its regulations and the Board Rules, and an agency's general violation of binding regulations is an arbitrary and capricious action.  *Rags*, ¶ 26.  But although the Board has

---

[5] Although Strumpf's complaint checked boxes to allege CADA discrimination, we broadly construe pro se filings, emphasizing substance over form.  *See Fields v. Suthers*, 984 P.2d 1167, 1170 (Colo. 1999); *People v. Cali*, 2020 CO 20, ¶ 34.

12

authority to review "discriminatory or unfair employment practice[s]" under CADA, it lacks authority "to consider a nonemployee's claim of arbitrary or capricious action." *Williams*, ¶ 18 (quoting § 24-50-125.3). Only the State Personnel Director may review such claims. *Id.* at ¶¶ 31, 37. Therefore, the ALJ could not properly consider Strumpf's general claims that DOC's nonresponse violated the Board Rules, and we also cannot review these claims. *See id.* at ¶ 15 (declining to address the merits of an ALJ's decision after concluding that the Board lacked authority to review allegedly arbitrary or capricious agency conduct). Nor can we develop arguments for Strumpf or otherwise act as his advocate. *See People v. Cali*, 2020 CO 20, ¶ 34.

### III. Failure to Refer the CADA Complaint to CCRD

¶ 26 The Board Rules provide that upon receipt of complaints invoking CADA, "the Board will refer the matter to [CCRD] for investigation." Dep't of Pers. & Admin. Rule 8-20(A), 4 Code Colo. Regs. 801-1. Strumpf argues that the Board violated this rule by failing to refer his complaint to CCRD. He raised this argument in his appeal to the Board challenging the ALJ's dismissal order. First, his appeal of the *ALJ's* decision was not a proper avenue to

contest the *Board's* failure to make a CCRD referral.  He should have filed a separate motion with the Board.  *See id.* at Rule 8-47 (outlining motions procedures and defining a motion as "a formal request to the Board to enter an order").

¶ 27    But even if the Board should have referred the matter to CCRD, we conclude that any error was harmless because Strumpf's allegations were insufficient to support his CADA claims.  *See Rags*, ¶ 65 ("[I]f an agency finding is reasonable and sustainable, impropriety in the process by which the decision was reached is not a basis for reversal.").  Therefore, a CCRD investigation would have been futile.  *See id.*

IV.    Challenge to the Board's Transcript Requirements

¶ 28    Strumpf next raises an as-applied due process challenge to the requirement that transcripts designated as part of the record before the Board must be prepared by a "neutral and certified court reporter."  Dep't of Pers. & Admin. Rule 8-53(A)(5), 4 Code Colo. Regs. 801-1.  Because he did not preserve this argument, we do not address it.  *See Kantara, Inc. v. State*, 991 P.2d 332, 335 (Colo. App. 1999) (unlike facial constitutional challenges, parties must raise as-applied challenges to the agency).

¶ 29    In his appeal to the Board of the ALJ's dismissal order, Strumpf

moved to supplement the record with a transcript of a March 2025

Board meeting discussing his termination case (not the May 2025

Board meeting discussing his reinstatement case).  He asked the

Board to "confirm that Meadors Court Reporting . . . is an approved

transcription service.  Meadors provides certified transcription but

not by a certified court reporter."  The Board granted the motion

but explained that transcripts must be prepared by a certified court

reporter.  It does not appear that Strumpf further challenged this

requirement on any grounds.  Therefore, he did not preserve his as-

applied due process challenge.  *See id.*

¶ 30    Additionally, nothing in the record before us in *this* appeal

suggests that the Board did not accept the March 2025 meeting

transcript that Strumpf filed.  *See Strumpf*, No. 25CA0543, slip op.

at ¶¶ 9, 21 (remanding for the Board to consider *excluded*

transcripts of an evidentiary hearing in Strumpf's termination case).

Finally, even if the Board excluded the challenged March 2025

transcript, any error was harmless because that meeting involved

Strumpf's termination case; the transcript did not discuss

Strumpf's reinstatement case.

## V. Strumpf's Requested Relief and Other Arguments

¶ 31   Finally, because we affirm the Board's decision, we do not consider Strumpf's request for "direct relief" rather than a remand for further administrative proceedings.  We also do not consider arguments raised for the first time in Strumpf's reply brief.  *See Gomez v. Walker*, 2023 COA 79, ¶ 9 n.3.

## VI. Disposition

¶ 32   The order is affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.